07 JAN 26 PM 2:17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FRANK W. GLOVER, | ) |
| Plaintiff, | ) 1:07 CV-081 |
| v. | ) Richard Alan Enslen |
| CLIENT SERVICES, INC., and JOHN DOE a/k/a "MR. WEST" a/k/a "DAVID WEST", | ) Senior, U.S. District Judge |
| | ) DEMAND FOR JURY TRIAL |
| Defendants. | ) |

WARNER LAW FIRM, LLC
By: Curtis C. Warner (P59915)
200 N. Dearborn St., Ste. 4406
Chicago, Illinois 60601
(312) 238-9820 (TEL)
(312) 638-9139 (FAX)

## COMPLAINT

### INTRODUCTION

1. Plaintiff Frank W. Glover ("Plaintiff") brings this action to secure redress against unlawful credit and collection practices engaged in by Defendants Client Services, Inc., ("CSI") and John Doe a/k/a "Mr. West" a/k/a "David West" ("Mr. West"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"). The FDCPA is broad in its prohibition of unfair or unconscionable collections methods including the use of any false, deceptive or misleading statements in connection with the collection of a debt. Plaintiff also alleges violations of the Michigan Occupational Code, M.C.L. § 339.901 *et seq.*, which also prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28. U.S.C. § 1367.

3. Venue and personal jurisdiction over Defendant in this District is proper because:

    a. Plaintiff resides within the District;

    b. Defendants transact business within the District using the mails and telephones specifically to reach alleged debtors, including Plaintiff, located within the District.

## PARTIES

4. Plaintiff is an individual who resides in Kent County, Michigan.

5. Defendant CSI is a privately held Missouri corporation with offices located at 3451 Harry Truman Blvd., St. Charles, Missouri 63301-4047. Its President and his address is John L. Kastner, 46 Bogey Club Cir., St. Charles, Missouri 63303.

6. At all times relevant Mr. West was an employee of Defendant CSI.

7. At all times relevant Mr. West was a "debt collector" as defined in the FDCPA.

8. CSI operates a collection agency that attempt to collect on debts owed to others that are in default.

9. At all times relevant CSI was a "debt collector" as defined in the FDCPA.

10. CSI is a "Collection Agency" within the meaning of the Michigan Occupational Code, M.C.L. § 339.901.

## FACTS

11. On or about October 11, 2006, CSI sent, or caused a third party mailer to send, Plaintiff the letter, a redacted copy of which is attached hereto as <u>Exhibit 1</u> seeking to collect a purported debt incurred for personal, family or household purposes.

12. On or about October 11, 2006, CSI sent, or caused a third party mailer to send, Plaintiff the letter, a redacted copy of which is attached hereto as <u>Exhibit 2</u> seeking to collect a purported debt incurred for personal, family or household purposes.

13. On or about October 13, 2006, Plaintiff received both <u>Exhibit 1</u> and <u>Exhibit 2</u>.

14. On or about October 25, 2006, Jeff Whitehead, Supervising Attorney at Legal Advocates for Seniors and People with Disabilities sent the letter, a copy of which is attached as <u>Exhibit 3</u> to CSI.

15. On or about October 25, 2006, Jeff Whitehead, Supervising Attorney at Legal Advocates for Seniors and People With Disabilities sent the letter, a copy of which is attached as <u>Exhibit 4</u> to CSI.

16. CSI received the original letter, a copy of which is attached as <u>Exhibit 3</u>.

17. CSI received the original letter, a copy of which is attached as <u>Exhibit 4</u>.

18. <u>Exhibit 3</u> and <u>Exhibit 4</u> informed CSI to "**cease all further communications with our client(s).**"

19. <u>Exhibit 3</u> and <u>Exhibit 4</u> were sent by an attorney representing Plaintiff.

20. After CSI's receipt of <u>Exhibit 3</u>, CSI, Mr. West contacted Plaintiff via the telephone.

21. After CSI's receipt of Exhibit 4, CSI, Mr. West contacted Plaintiff via the telephone.

22. Mr. West had knowledge of CSI's receipt of Exhibit 3 and/or Exhibit 4 prior to contacting Plaintiff.

23. After CSI's receipt of Exhibit 3, CSI, Mr. West contacted a third party regarding Plaintiff's alleged debt.

24. After CSI's receipt of Exhibit 4, CSI, Mr. West contacted a third party regarding Plaintiff's alleged debt.

25. Mr. West had knowledge of CSI's receipt of Exhibit 3 and/or Exhibit 4 prior to contacting a third party regarding Plaintiff's alleged debt.

## COUNT I – FDCPA - FAILURE TO CEASE COMMUNICATIONS

26. Plaintiff incorporates and re-alleges paragraphs 1-25 above.

27. Section 1692c, Communications in connection with debt collection, in pertinent part, provides:

> (a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --
>
> **(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address**, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; 15 U.S.C. §§ 1692c(a), (a)(2) (emphasis added).

28. Defendants conduct violated Section 1692c(a)(2).

4

29. Plaintiff has suffered actual damages in the form of harassment and aggravation from Defendants' conduct.

**WHERFORE**, this Court should enter judgment in favor of Plaintiff and against Defendants for:

    (1)    Actual Damages;

    (2)    Statutory damages;

    (3)    Attorney's fees, litigation expenses and costs of suit; and

    (4)    Such other relief as the Court deems proper.

### COUNT II – FDCPA - ILLEGAL THIRD PARTY CONTACT

30. Plaintiff incorporates and re-alleges paragraphs 1-25 above.

31. The FDCPA prohibits debt collectors from communicating with most third parties.

32. 15 U.S.C. §1692c(b) provides:

> (b) COMMUNICATION WITH THIRD PARTIES. Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

33. An exception exits for obtaining "locator information" defined in 15 U.S.C. §1692a(7) as "a consumer's place of abode and his telephone number at such place, or his place of employment."

34. 15 U.S.C. §1692b(6) provides:

> (6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to the communication from the debt collector. 15 U.S.C. §1692b(6).

35. The FDCPA does not permit any attempt to obtain "location information" if the debt collector already has the items of information identified by the statute as "location information" The Federal Trade Commission has stated:

> 2. *Location information.* Although a debt collector's search for information concerning the consumer's location (provided in §804) is expressly excepted from the ban on third party contacts, **a debt collector may not call third parties under the pretense of gaining information already in his possession.**

FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50105 (Dec. 13, 1998) (emphasis added).

36. The original letter, a redacted copy of which is attached hereto as <u>Exhibit 1</u>, addressed to Plaintiff was not returned by the United States Postal Service.

37. The original letter, a redacted copy of which is attached hereto as <u>Exhibit 2</u>, addressed to Plaintiff was not returned by the United States Postal Service.

38. Defendants had no reason to believe that the telephone number they had previously contacted Plaintiff at was not for his abode.

39. Defendants contacting a third party in conjunction with collecting on Plaintiff's alleged debt when they already knew Plaintiff's "place of abode and his telephone number at such place" was done solely for the purpose to harass Plaintiff.

40. Plaintiff has suffered actual damages in the form of harassment and aggravation from Defendants' conduct.

**WHERFORE**, this Court should enter judgment in favor of Plaintiff and against Defendants for:

    (1)    Actual Damages;

    (2)    Statutory damages;

    (3)    Attorney's fees, litigation expenses and costs of suit; and

    (4)    Such other relief as the Court deems proper.

## COUNT III – FDCPA – FALSE OR MISLEADING REPRESENTATIONS

41.    Plaintiff incorporates and re-alleges paragraphs 1-25 above.

42.    15 U.S.C. § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

43.    During a telephone with Plaintiff conversation, Mr. West stated:

(a) We are going to sue you if you do not pay this debt; and

(b) We are going to take your home if you do not pay this debt.

44.    Based upon information and belief, CSI does not sue alleged debtors in its own name in the 61st Judicial District Court, County of Kent, State of Michigan.

45.    Based upon information and belief, CSI does not institute foreclosure actions in its own name against alleged debtors in the 61st Judicial District Court, County of Kent, State of Michigan.

46.    Defendants' conduct violated 15 U.S.C. § 1692e(5).

47.    Plaintiff has suffered actual damages in the form of harassment and aggravation from Defendants' conduct.

7

**WHERFORE**, this Court should enter judgment in favor of Plaintiff and against Defendants for:

    (1)    Actual Damages;

    (2)    Statutory damages;

    (3)    Attorney's fees, litigation expenses and costs of suit; and

    (4)    Such other relief as the Court deems proper.

### COUNT IV – VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

48. Plaintiff incorporates and re-alleges paragraphs 1-25 and 43-45 above.

49. M.C.L. § 339.915 Licensee; prohibited acts, in pertinent part, states:

(f) Misrepresenting in a communication with a debtor any of the following:

(i) The legal status of a legal action being taken or threatened.

(iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property. M.C.L. §§ 339.915(f)(i), (iii).

50. Defendants' conduct violated M.C.L. §§ 339.915(f)(i), (iii).

51. Defendants' conduct was willful.

52. Plaintiff has suffered actual damages in the form of harassment and aggravation from Defendants' conduct.

**WHERFORE**, this Court should enter judgment in favor of Plaintiff and against Defendants for:

    (1)    Actual or statutory damages, which ever is greater;

    (2)    3 times the actual damages or statutory damages, which ever is greater, if Defendants' conduct is found to be willful;

  (3) Attorney's fees, litigation expenses and costs of suit; and

  (4) Such other relief as the Court deems proper.

### COUNT V – VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

53. Plaintiff incorporates and re-alleges paragraphs 1-25 and 36-38 above.

54. M.C.L. § 339.919, Communication with person other than debtor; location information, in pertinent part provides:

> (1) A collection agency communicating with any person other than the debtor, for the purpose of acquiring location information about the debtor, shall state all of the following:
>
> (a) The name of the individual seeking the location information.
>
> (b) Whether the purpose of the communication is for confirmation or correction of location information about the debtor.

55. M.C.L. § 339.915(n), in pertinent part, prohibits "Using a harassing, oppressive, or abusive method to collect a debt. . . ."

56. Defendants contacting a third party in conjunction with collecting on Plaintiff's alleged debt when they already knew Plaintiff's place of abode and his telephone number at such place was done solely for the purpose to harass Plaintiff.

57. Plaintiff has suffered actual damages in the form of harassment and aggravation from Defendants' conduct.

**WHERFORE**, this Court should enter judgment in favor of Plaintiff and against Defendants for:

  (1) Actual or statutory damages, which ever is greater;

  (2) 3 times the actual damages or statutory damages, which ever is greater, if Defendants' conduct is found to be willful;

  (3) Attorney's fees, litigation expenses and costs of suit; and

9

(4) Such other relief as the Court deems proper.

Respectfully submitted,

*Curtis C. Warner*

Curtis C. Warner

WARNER LAW FIRM, LLC
By: Curtis C. Warner (P59915)
200 N. Dearborn St. Suite #4406
Chicago, Illinois 60601
(312) 238-9820 (TEL)

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

*Curtis C. Warner*

Curtis C. Warner

WARNER LAW FIRM, LLC
By: Curtis C. Warner (P59915)
200 N. Dearborn St. Suite #4406
Chicago, Illinois 60601
(312) 238-9820 (TEL)