UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK W. GLOVER,

    Plaintiff,

vs.

CLIENT SERVICES, INC., and JOHN DOE
a/k/a "MR. WEST" a/k/a "DAVID WEST",

    Defendants.

Case No. 1:07cv081
Judge: Richard Alan Enslen

_____/

| WARNER LAW FIRM, LLC | Clark Hill PLC |
|---|---|
| By: Curtis C. Warner (P59915) | By: Elizabeth C. Jolliffe (P42712) |
| 200 N. Dearborn St., Ste. 4406 | 500 Woodward, Suite 3500 |
| Chicago, Illinois 60601 | Detroit, MI 48226 |
| (312) 238-9820 (Tel.) | (313) 965-8300 (Tel.) |
| (312) 638-9139 (Fax) | (313) 965-8252 (Fax) |
| Attorneys for Plaintiff | Attorneys For Defendants |

_____/

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

    Defendants Client Services, Inc. and Kenneth Hart ("Defendants"), by their attorneys, Clark Hill, PLC, answer Plaintiff's Complaint as follows:

    1.    Defendants deny that they violated any federal or state laws regarding credit and collection practices. Defendants neither admit nor deny the remaining allegations, if any, and leave Plaintiff to his proofs.

    2.    Defendants do not contest jurisdiction in this case.

3. Defendants do not contest venue and jurisdiction in this case.

4. Defendants are without sufficient information to form a belief as to the truth of the matter asserted, and, therefore, neither admit nor deny this allegation.

5. Admitted. Answering further, Defendants state that Mr. Kastner is not a named defendant.

6. Admitted that Mr. Hart was an employee of Client Services, Inc.

7. Defendants neither admit nor deny this allegation since it sets forth a legal conclusion.

8. Admitted.

9. Defendants neither admit nor deny this allegation since it sets forth a legal conclusion.

10. Defendants neither admit nor deny this allegation since it sets forth a legal conclusion.

11. Defendants admit that Exhibit 1 is a redacted copy of a letter sent by Defendant Client Services, Inc. to Plaintiff on or about October 11, 2006. Defendants are without sufficient information to either admit or deny the remaining allegations contained in Paragraph 11, and therefore, deny the same.

12. Defendants admit that Exhibit 1 is a redacted copy of a letter sent by Defendant Client Services, Inc. to Plaintiff on or about October 11, 2006. Defendants are without sufficient information to either admit or deny the remaining allegations contained in Paragraph 11, and therefore, deny the same.

13. Defendants are without sufficient information to form a belief as to the truth of the matter asserted, and, therefore, neither admit nor deny this allegation.

14. Defendants are without sufficient information to form a belief as to the truth of the matter asserted, and, therefore, neither admit nor deny this allegation. However, Defendant Client Services, Inc. further states that it received two letters each dated October 25, 2006, from Mr. Whitehead on November 2, 2006. The envelopes were postmarked Chicago, October 31, 2006 and were stamped with a receipt date of November 2, 2006, St. Charles, Missouri. Client Services Inc. further states that its collectors' notes reflect that the two letters were received on November 2, 2006.

15. Defendants are without sufficient information to form a belief as to the truth of the matter asserted, and, therefore, neither admit nor deny this allegation. However, Defendant Client Services, Inc. further states that it received two letters each dated October 25, 2006, from Mr. Whitehead on November 2, 2006. The envelopes were postmarked Chicago, October 31, 2006 and were stamped with a receipt date of November 2, 2006, St. Charles, Missouri. Client Services Inc. further states that its collectors' notes reflect that the two letters were received on November 2, 2006.

16. Defendant Client Services, Inc. admits it received the letter on November 2, 2006.

17. Defendant Client Services, Inc. admits it received the letter on November 2, 2006.

18. Admitted that Defendant Client Services, Inc. received this letter on November 2, 2006.

19. Admitted that Defendant Client Services, Inc. received the letters on November 2, 2006.

5396721.1 28246/114506

20. Denied for the reason that Defendants had no contact with Plaintiff after Client Services, Inc. received Exhibit 3 on November 2, 2006.

21. Denied for the reason that Defendants had no contact with Plaintiff after Client Services, Inc. received Exhibit 4 on November 2, 2006.

22. Denied for the reason that Defendants did not contact Plaintiff after receiving the letters on November 2, 2006.

23. Denied for the reason that Defendants did not contact anyone except for Mr. Whitehead after November 2, 2006.

24. Denied for the reason that Defendants did not contact anyone except for Mr. Whitehead after November 2, 2006.

25. Denied for the reason that Defendants did not contact anyone except for Mr. Whitehead after November 2, 2006.

## COUNT I – FDCPA – FAILURE TO CEASE COMMUNICATIONS

26. Defendants incorporate their responses to paragraphs 1 through 25 above.

27. Defendants neither admit nor deny this allegation since it sets forth a legal conclusion.

28. Denied for the reason it is untrue.

29. Defendants deny that they violated any laws, and deny any remaining allegations for the reason they are untrue.

WHEREFORE, Defendants request Plaintiff's Complaint be dismissed and that Defendants recover all costs and attorneys fees in such amount as the Court may deem just and proper.

5396721.1 28246/114506

## COUNT II – FDCPA – ILLEGAL THIRD PARTY CONTACT

30. Defendants incorporate their responses to paragraphs 1 through 29 above.

31. Defendants neither admit nor deny this allegation since it sets forth a legal conclusion.

32. Defendants neither admit nor deny this allegation since it sets forth a legal conclusion.

33. Defendants neither admit nor deny this allegation since it sets forth a legal conclusion.

34. Defendants neither admit nor deny this allegation since it sets forth a legal conclusion.

35. Defendants neither admit nor deny this allegation since it sets forth a legal conclusion.

36. Defendant Client Services, Inc. admits it received the letter on November 2, 2006.

37. Defendant Client Services, Inc. admits it received the letter on November 2, 2006.

38. Defendants are without sufficient information to address the vague matter asserted, but Defendants deny that they wrongfully contacted a third party in violation of any laws. Answering further, Defendants state that Plaintiff does not identify the telephone number or the date of the alleged wrongful contact.

39. Defendants are without sufficient information to address the vague matter asserted, but Defendants deny that they wrongfully contacted a third party in violation of any laws. Answering further, Defendants state that Plaintiff does not identify the telephone number or the date of the alleged wrongful contact.

40. Defendants deny that they violated any laws, and deny any remaining allegations as untrue.

WHEREFORE, Defendants request Plaintiff's Complaint be dismissed and that Defendants recover all costs and attorneys fees in such amount as the Court may deem just and proper.

### COUNT III – FDCPA – FALSE OR MISLEADING REPRESENTATION

41. Defendants incorporate their responses to paragraphs 1 through 40 above.

42. Defendants neither admit nor deny this allegation since it sets forth a legal conclusion.

43. Denied for the reason it is untrue.

44. Defendant Client Services, In. admits it has not sued a debtor in its own name in the 61st Judicial District Court.

45. Defendant Client Services, Inc. admits it has not instituted a foreclosure action in its own name in the 61st Judicial District Court.

46. Denied for the reason it is untrue.

47. Defendants deny that they violated any laws, and deny any remaining allegations as untrue.

WHEREFORE, Defendants request Plaintiff's Complaint be dismissed and that Defendants recover all costs and attorneys fees in such amount as the Court may deem just and proper.

5396721.1 28246/114506

## COUNT IV – VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

48. Defendants incorporate their responses to paragraphs 1 through 47 above.

49. Defendants neither admit nor deny this allegation since it sets forth a legal conclusion.

50. Denied for the reason it is untrue.

51. Denied for the reason it is untrue.

52. Defendants deny that they violated any laws, and deny any remaining allegations as untrue.

WHEREFORE, Defendants request Plaintiff's Complaint be dismissed and that Defendants recover all costs and attorneys fees in such amount as the Court may deem just and proper.

## COUNT V – VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

53. Defendants incorporate their responses to paragraphs 1 through 52 above.

54. Defendants neither admit nor deny this allegation since it sets forth a legal conclusion.

55. Defendants neither admit nor deny this allegation since it sets forth a legal conclusion.

56. Defendants are without sufficient information to address the vague matter asserted, but Defendants deny that they wrongfully contacted a third party in violation of any laws. Answering further, Defendants state that Plaintiff does not identify the telephone number or the date of the alleged wrongful contact.

5396721.1 28246/114506

57.     Defendants deny that they violated any laws, and deny any remaining allegations as untrue.

WHEREFORE, Defendants request Plaintiff's Complaint be dismissed and that Defendants recover all costs and attorneys fees in such amount as the Court may deem just and proper.

>                       Respectfully submitted,
>
>                       CLARK HILL PLC
>
>
>                       By:   /s/ Elizabeth C. Jolliffe
>                             Elizabeth C. Jolliffe (P42712)
>                             500 Woodward Avenue, Suite 3500
>                             Detroit, Michigan 48226-3435
>                             (313) 965-8300
>                             Attorneys For Defendants

Date: February 23, 2007

5396721.1 28246/114506

## **AFFIRMATIVE DEFENSES**

Defendants Client Services, Inc. and Kenneth Hart state as follows for their Affirmative and Other Defenses, on which they will rely as applicable and as supported by facts revealed through discovery or otherwise:

1. Defendants did not engage in any improper contact with Plaintiff or any third party. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants deny any violation of any state or federal fair debt collection practices legislation and, to the extent of any error by Defendants, said error was *bona fide* under the law notwithstanding maintenance of policies and procedures to avoid such errors.

3. If the facts show that Defendants were not "debt collectors" or a "collection agency" under the applicable law, then any cause of action claiming same is barred.

4. Defendants complied with state and federal fair debt collection practices legislation.

5. There is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law.

6. To the extent Plaintiff failed to mitigate any damages, Plaintiff's recovery, if any, must be barred or proportionally reduced.

7. To the extent Plaintiff's damages were caused by Plaintiff, any recovery by Plaintiff must be barred or proportionately reduced.

8. None of Defendants' conduct, if any, in violation of Michigan or federal law, constitutes a willful or negligent violation of any law.

5396721.1 28246/114506

9. Defendants' conduct was not the proximate cause or cause in fact of the harm or damage allegedly suffered by Plaintiff.

10. Plaintiff has not been damaged by any act or omission of Defendants.

11. Any act or omission of Defendants was not the result of willful, intentional or knowing conduct.

13. Defendants reserve the right to amend their Affirmative and Other Defenses and rely on alternative or other affirmative, special or other defenses not listed herein to the extent necessary in light of the facts revealed through discovery or otherwise. Defendants, by pleading certain defenses, do not assume the burden of proving any defense but merely controvert Plaintiff's allegations.

                         Respectfully submitted,

                         CLARK HILL PLC

                         By:   /s/ Elizabeth C. Jolliffe
                                Elizabeth C. Jolliffe (P42712)
                                500 Woodward Avenue, Suite 3500
                                Detroit, Michigan 48226-3435
                                (313) 965-8300

Date: February 23, 2007             Attorneys For Defendants

5396721.1 28246/114506

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2007, my assistant, Alyssa Theisen, electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing upon: Curtis C. Warner, Esq.

                                          Respectfully submitted,

                                          CLARK HILL PLC

                                          By:    /s/ Elizabeth C. Jolliffe
                                                       Elizabeth C. Jolliffe (P42712)
                                                       500 Woodward Avenue, Suite 3500
                                                       Detroit, Michigan 48226-3435
                                                       (313) 965-8300
Date: February 23, 2007                       Attorneys For Defendants

5396721.1 28246/114506