# **APPENDIX 1**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

FRANK W. GLOVER, individually
and on behalf of a class of similarly
situated persons,

      Plaintiff,

      v.

CLIENT SERVICES, INC., and
JOHN DOE a/k/a "MR. WEST"
a/k/a "DAVID WEST",

      Defendants.

Case No. 1:07-CV-081

Hon. Richard Alan Enslen

**JURY TRIAL DEMANDED**

/

| WARNER LAW FIRM, LLC | CLARK HILL PLC |
|---|---|
| By: Curtis C. Warner (P59915) | By: Elizabeth C. Jolliffee (P42712) |
| 200 N. Dearborn St., Ste. 4406 | 500 Woodward, Suite 3500 |
| Chicago, Illinois 60601 | Detroit, Michigan 48266 |
| (312) 238-9820 (TEL) | (313) 965-8300 (TEL) |
| (312) 638-9139 (FAX) | (313) 965-8252 (FAX) |
| *For Plaintiff* | *For Defendants* |

## AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff, Frank W. Glover ("Plaintiff"), individually and on behalf of a

class of similarly situated persons, brings this action to secure redress against unlawful credit and

collection practices engaged in by Defendants Client Services, Inc., ("CSI"). Plaintiff also

brings individual claims against both CSI and John Doe a/k/a "Mr. West" a/k/a "David West"

("Mr. West"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 *et seq*., ("FDCPA"). The FDCPA is broad in its prohibition of unfair or unconscionable

collections methods including the use of any false, deceptive or misleading statements in

connection with the collection of a debt.  Plaintiff also alleges violations of the Michigan

Occupational Code, M.C.L. § 339.901 *et seq.*, which also prohibits debt collectors from engaging

in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C.

§1692k (FDCPA).  This Court has supplemental jurisdiction over Plaintiff's state law claims

under 28. U.S.C. § 1367.

3.      Venue and personal jurisdiction over Defendant in this District is proper

because:

a. Plaintiff resides within the District;

b. Defendants transact business within the District using the mails and

telephones specifically to reach alleged consumers, including Plaintiff, located within the

District.

## PARTIES

4.      Plaintiff is an individual who resides in Kent County, Michigan.

5.      Defendant CSI is a privately held Missouri corporation with offices

located at 3451 Harry Truman Blvd., St. Charles, Missouri 63301-4047.  Its President and his

address is John L. Kastner, 46 Bogey Club Cir., St. Charles, Missouri 63303.

6.      At all times relevant Mr. West was an employee of Defendant CSI.

7.      At all times relevant Mr. West was a "debt collector" as defined in the

FDCPA.

8.      CSI operates a collection agency that attempt to collect on debts owed to

others that are in default.

9.      At all times relevant CSI was a "debt collector" as defined in the FDCPA.

10.     CSI is a "Collection Agency" within the meaning of the Michigan Occupational Code, M.C.L. § 339.901.

### FACTS – INDIVIDUAL CLAIMS

11.     On or about October 11, 2006, CSI sent, or caused a third party mailer to send, Plaintiff the letter, a redacted copy of which is attached hereto as <u>Exhibit 1</u> seeking to collect a purported debt incurred for personal, family or household purposes.

12.     On or about October 11, 2006, CSI sent, or caused a third party mailer to send, Plaintiff the letter, a redacted copy of which is attached hereto as <u>Exhibit 2</u> seeking to collect a purported debt incurred for personal, family or household purposes.

13.     On or about October 13, 2006, Plaintiff received both <u>Exhibit 1</u> and <u>Exhibit 2</u>.

14.     On or about October 25, 2006, Jeff Whitehead, Supervising Attorney at Legal Advocates for Seniors and People with Disabilities sent the letter, a copy of which is attached as <u>Exhibit 3</u> to CSI.

15.     On or about October 25, 2006, Jeff Whitehead, Supervising Attorney at Legal Advocates for Seniors and People With Disabilities sent the letter, a copy of which is attached as <u>Exhibit 4</u> to CSI.

16.     CSI received the original letter, a copy of which is attached as <u>Exhibit 3</u>.

17.     CSI received the original letter, a copy of which is attached as <u>Exhibit 4</u>.

18.     <u>Exhibit 3</u> and <u>Exhibit 4</u> informed CSI to "**cease all further communications with our client(s).**"

19.     <u>Exhibit 3</u> and <u>Exhibit 4</u> were sent by an attorney representing Plaintiff.

20.     After CSI's receipt of <u>Exhibit 3</u>, CSI, Mr. West contacted Plaintiff via the telephone.

21.     After CSI's receipt of <u>Exhibit 4</u>, CSI, Mr. West contacted Plaintiff via the telephone.

22.     Mr. West had knowledge of CSI's receipt of <u>Exhibit 3</u> and/or <u>Exhibit 4</u> prior to contacting Plaintiff.

23.     After CSI's receipt of <u>Exhibit 3</u>, CSI, Mr. West contacted a third party regarding Plaintiff's alleged debt.

24.     After CSI's receipt of <u>Exhibit 4</u>, CSI, Mr. West contacted a third party regarding Plaintiff's alleged debt.

25.     Mr. West had knowledge of CSI's receipt of <u>Exhibit 3</u> and/or <u>Exhibit 4</u> prior to contacting a third party regarding Plaintiff's alleged debt.

## COUNT I – FDCPA - FAILURE TO CEASE COMMUNICATIONS

26.     Plaintiff incorporates and re-alleges paragraphs 1-25 above.

27.     Section 1692c, Communications in connection with debt collection, in pertinent part, provides:

> (a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --
>
> (2) **if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address,** unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; 15 U.S.C. §§ 1692c(a), (a)(2) (emphasis added).

28.    Defendants conduct violated Section 1692c(a)(2).

29.    Plaintiff has suffered actual damages in the form of harassment and aggravation from Defendants' conduct.

**WHERFORE**, this Court should enter judgment in favor of Plaintiff and against Defendants for:

(1)    Actual Damages;

(2)    Statutory damages;

(3)    Attorney's fees, litigation expenses and costs of suit; and

(4)    Such other relief as the Court deems proper.

## COUNT II – FDCA - ILLEGAL THIRD PARTY CONTACT

30.    Plaintiff incorporates and re-alleges paragraphs 1-25 above.

31.    The FDCPA prohibits debt collectors from communicating with most third parties.

32.    15 U.S.C. §1692c(b) provides:

(b) COMMUNICATION WITH THIRD PARTIES. Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

33.    An exception exits for obtaining "locator information" defined in 15 U.S.C. §1692a(7) as "a consumer's place of abode and his telephone number at such place, or his place of employment."

34.    15 U.S.C. §1692b(6) provides:

5

(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to the communication from the debt collector. 15 U.S.C. §1692b(6).

35.     The FDCPA does not permit any attempt to obtain "location

information" if the debt collector already has the items of information identified by the

statute as "location information"  The Federal Trade Commission has stated:

> 2. *Location information.*  Although a debt collector's search for information concerning the consumer's location (provided in §804) is expressly excepted from the ban on third party contacts, **a debt collector may not call third parties under the pretense of gaining information already in his possession.**

FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50105 (Dec. 13, 1998) (emphasis added).

36.     The original letter, a redacted copy of which is attached hereto as Exhibit

1, addressed to Plaintiff was not returned by the United States Postal Service.

37.     The original letter, a redacted copy of which is attached hereto as Exhibit

2, addressed to Plaintiff was not returned by the United States Postal Service.

38.     Defendants had no reason to believe that the telephone number they had

previously contacted Plaintiff at was not for his abode.

39.     Defendants contacting a third party in conjunction with collecting on

Plaintiff's alleged debt when they already knew Plaintiff's "place of abode and his telephone

number at such place" was done solely for the purpose to harass Plaintiff.

40.     Plaintiff has suffered actual damages in the form of harassment and

aggravation from Defendants' conduct.

**WHERFORE**, this Court should enter judgment in favor of Plaintiff and against Defendants for:

    (1)    Actual Damages;

    (2)    Statutory damages;

    (3)    Attorney's fees, litigation expenses and costs of suit; and

    (4)    Such other relief as the Court deems proper.

## COUNT III – FDCPA – FALSE OR MISLEADING REPRESENTATIONS

41.    Plaintiff incorporates and re-alleges paragraphs 1-25 above.

42.    15 U.S.C. § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

43.    During a telephone with Plaintiff conversation, Mr. West stated:

    (a) We are going to sue you if you do not pay this debt; and

    (b) We are going to take your home if you do not pay this debt.

44.    Based upon information and belief, CSI does not sue alleged consumers in its own name in the 61st Judicial District Court, County of Kent, State of Michigan.

45.    Based upon information and belief, CSI does not institute foreclosure actions in its own name against alleged consumers in the 61st Judicial District Court, County of Kent, State of Michigan.

46.    Defendants' conduct violated 15 U.S.C. § 1692e(5).

47.    Plaintiff has suffered actual damages in the form of harassment and aggravation from Defendants' conduct.

**WHERFORE**, this Court should enter judgment in favor of Plaintiff and against Defendants for:

      (1)    Actual Damages;

      (2)    Statutory damages;

      (3)    Attorney's fees, litigation expenses and costs of suit; and

      (4)    Such other relief as the Court deems proper.

## COUNT IV – VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

48.    Plaintiff incorporates and re-alleges paragraphs 1-25 and 43-45 above.

49.    M.C.L. § 339.915 Licensee; prohibited acts, in pertinent part, states:

(f) Misrepresenting in a communication with a debtor any of the following:

(i) The legal status of a legal action being taken or threatened.

(iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property. M.C.L. §§ 339.915(f)(i), (iii).

50.    Defendants' conduct violated M.C.L. §§ 339.915(f)(i), (iii).

51.    Defendants' conduct was willful.

52.    Plaintiff has suffered actual damages in the form of harassment and aggravation from Defendants' conduct.

**WHERFORE**, this Court should enter judgment in favor of Plaintiff and against Defendants for:

      (1)    Actual or statutory damages, which ever is greater;

      (2)    3 times the actual damages or statutory damages, which ever is greater, if Defendants' conduct is found to be willful;

(3) Attorney's fees, litigation expenses and costs of suit; and

(4) Such other relief as the Court deems proper.

## COUNT V – VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

53. Plaintiff incorporates and re-alleges paragraphs 1-25 and 36-38 above.

54. M.C.L. § 339.919, Communication with person other than debtor; location information, in pertinent part, provides:

(1) A collection agency communicating with any person other than the debtor, for the purpose of acquiring location information about the debtor, shall state all of the following:

(a) The name of the individual seeking the location information.

(b) Whether the purpose of the communication is for confirmation or correction of location information about the debtor.

55. M.C.L. § 339.915(n), in pertinent part, prohibits "Using a harassing, oppressive, or abusive method to collect a debt. . . ."

56. Defendants contacting a third party in conjunction with collecting on Plaintiff's alleged debt when they already knew Plaintiff's place of abode and his telephone number at such place was done solely for the purpose to harass Plaintiff.

57. Plaintiff has suffered actual damages in the form of harassment and aggravation from Defendants' conduct.

**WHERFORE**, this Court should enter judgment in favor of Plaintiff and against Defendants for:

(1) Actual or statutory damages, which ever is greater;

(2) 3 times the actual damages or statutory damages, which ever is greater, if Defendants' conduct is found to be willful;

(3) Attorney's fees, litigation expenses and costs of suit; and

(4)     Such other relief as the Court deems proper.

### FACTS – CLASS ALLEGATIONS

58.     Plaintiff incorporates paragraphs 1-10 above.

59.     According to the Association of Credit and Collection Professionals' ("ACA International") website. CSI is a member.  On information and belief, this statement is true.

60.     On or about April 15, 2002, ACA International filed its response to the Federal Trade Commission's proposed Amendments to the Telemarketing Sales Rule, FTC File No. R411001. ("ACA's response")

61.     In ACA International's response to the FTC it argued that blocking restrictions conflict with the FDCPA in that it "may trigger liability under the third party disclosure prohibitions of the FDCPA." *Comments of ACA International in Response to the Federal Trade Commission's Proposed Amendments to the Telemarketing Sales Rule*, p. 7 (Apr. 15, 2002). *available at*  www.ftc.gov/os/comments/dncpapercomments/04/aca.pdf.

62.     The Federal Communications Commission final caller identification rules states that, "We continue to believe that the caller ID rules allow consumers to screen out unwanted calls and to identify companies that they wish to ask not to call again." 47 CFR Part 64, p. 19336 (Apr. 13, 2005).

63.     On information and belief, at all times relevant, CSI blocked caller ID from registering its telephone number.

64.     Due to CSI blocking consumers' caller ID, CSI's telephone number is not revealed to the consumer it calls.

**COUNT VI – CLASS CLAIM - FDCPA § 1692e(10) VIOLATION**

65.     Plaintiff incorporates paragraphs 58-64 above.

66.     This count is made against CSI only.

67.     15 U.S.C § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

68.     CSI, by blocking its telephone number falsely represented its telephone number, is deceptive as to the true identity of the caller, and is misleading as to the identity of the caller.

69.      CSI violated 15 U.S.C. §1692e(10).

**COUNT VII – CLAS CLAIM - FDCPA § 1692f VIOLATION**

70.     Plaintiff incorporates paragraphs 58-64 above.

71.     This count is made against CSI only.

72.     15 U.S.C. §1692f, in pertinent part, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

73.     Blocking caller id is a method of deception to hide the true identity of the caller and a ploy to trick the recipient into answering a call they might not otherwise answer.

74.     Blocking caller id is an unfair method as it makes it more difficult to demonstrate that a collector has engaged in abusive collection practices, contacted the consumer after the consumer was represented by counsel, and that the collector contacted the consumer

after a cease and desist letter if no telephone number identifying the collector is registered on caller id.

    75.    CSI violated 15 U.S.C. §1692f

## COUNT VIII – CLAS CLAIM - FDCPA § 1692d(6) VIOLATION

    76.    Plaintiff incorporates paragraphs 58-64 above.

    77.    This count is made against CSI only.

    78.    15 U.S.C. §1692d, in pertinent part, provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

    79.    A telephone call that does not identify the originator's telephone number does not meaningfully disclose the caller's identity.

    80.    CSI violated 15 U.S.C. §1692d(6).

## COUNT IX – CLASS CLAIM –
## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

    81.    Plaintiff incorporates and re-alleges paragraphs 58-64 above.

    82.    This count is made against CSI only.

    83.    M.C.L. § 339.915 Licensee; prohibited acts, in pertinent part, states:

> \* \* \*

> (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communcation (sic) when it is made in connection with collecting a debt.

> \* \* \*

(g) Communicating with a debtor without accurately disclosing the caller's identity . . . .

84.     Defendant CSI's conduct violated M.C.L. §§ 339.915(e), (g).

85.     Defendant CSI's conduct was willful.

## CLASS ALLEGATIONS

86.     Plaintiff brings this action on behalf of a class comprised of: (a) all natural persons wherever located, (b) with a telephone number with a Michigan area code, (c) who were called by CSI attempting to collect a debt incurred for personal, family or household purposes, (d) where CSI used a caller id blocker, (e) during a period beginning on January 26, 2006, to January 26, 2007.

87.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominate question is whether blocking caller id violates 15 U.S.C. §§1692e(10), 1692f, and 1692d(6) and M.C.L. §§ 339.915(e), (g).

88.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

89.     According to CSI's website, CSI employees about 600 persons located at its two call centers located in St. Charles, Missouri.

90.     The class is so numerous that joinder of all members is impractical. Based on information and belief there are more than 40 persons in the class defined above.

91.      Plaintiff will fairly and adequately represent the members of the class.

13

92.     Plaintiff has retained experienced counsel in FDCPA matters and other consumer related class action litigation.

93.     A class action is superior for the fair and efficient adjudication of this matter in that:

     a.    Consumers may not be aware that blocking caller id violates the FDCPA and Michigan Occupational Code;

     b.    Individual actions are not economical; and

     c.    Congress contemplated class actions as a means of enforcing the FDCPA.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and the class and against Defendant CSI for:

## CLASS FDCPA VIOLATIONS

(1)     Statutory damages for Plaintiff;

(2)     Statutory damages for the class in an amount not to exceed the lesser of $500,000 or 1% of Defendant CSI's net worth;

(3)     Attorney's fees, litigation expenses and costs of suit;

(4)     Such other relief as the Court deems proper.

## MICHIGAN OCCUPATIONAL CODE VIOLATIONS

(1)     Statutory damages of $50;

(2)     Statutory damages of $150 if Defendant CSI's conduct is found to be willful;

(3)     Attorney's fees, litigation expenses and costs of suit; and

(4)     Such other relief as the Court deems proper.

Respectfully submitted,


s/ Curtis C. Warner
Curtis C. Warner


WARNER LAW FIRM, LLC
By: Curtis C. Warner (P59915)
200 N. Dearborn St. Suite #4406
Chicago, Illinois 60601
(312) 238-9820 (TEL)

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,


s/ Curtis C. Warner
Curtis C. Warner


WARNER LAW FIRM, LLC
By: Curtis C. Warner (P59915)
200 N. Dearborn St. Suite #4406
Chicago, Illinois 60601
(312) 238-9820 (TEL)

# EXHIBIT 1

**CLIENT SERVICES, INC.**
3451 HARRY TRUMAN BLVD
ST CHARLES, MO  63301-4047
636-947-2321 or 800-521-3236

MAILING ADDRESS:
CLIENT SERVICES,INC./CITICARDS
P.O. BOX 1503
ST PETERS, MO  63376-0027

10/11/2006

004112**123**009*****MIXED AADC 630
FRANK W GLOVER
| Redacted |
CALEDONIA MI 49316-9764

REFERENCE NO.
6113404

ı,ı,ıllıı,ıllıı,ıllıllıllıı,ılıllıı,llıı,ıllllıı,ıl

RE:CITICARDS .- UNIVERSAL MC
BALANCE DUE:  $3,931.95

The above account has been placed with our firm for payment in full.

You may communicate with us in writing at the above address or by calling us at our toll free number, **800-521-3236**.

Sincerely,

DAVID WEST

This communication is from a professional debt collection agency.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, that the debt, or any portion thereof is disputed, this office will obtain verification  of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from current creditor.

# EXHIBIT 2

**CLIENT SERVICES, INC.**
3451 HARRY TRUMAN BLVD
ST CHARLES, MO 63301-4047
636-947-2321 or 800-521-3236

MAILING ADDRESS:
CLIENT SERVICES, INC./CITICARDS
P.O. BOX 1503
ST PETERS, MO 63376-0027

10/11/2006

004113**123**009*****MIXED AADC 630
FRANK W GLOVER
| REDACTED |
CALEDONIA MI 49316-9764

REFERENCE NO.

6113573

IıIııIIıııIIıııIIIIıIıIıIıııIIIıIıIIIııııIIIIıI

RE:CITICARDS - UNIVERSAL MC
BALANCE DUE:  $1,915.44

The above account has been placed with our firm for payment in
full.

You may communicate with us in writing at the above address or
by calling us at our toll free number, **800-521-3236.**

Sincerely,

HARRISON SMITH

This communication is from a professional debt collection agency.

This is an attempt to collect a debt.  Any information
obtained will be used for that purpose.  Unless you
notify this office within 30 days after receiving this
notice that you dispute the validity of the debt or any
portion thereof, this office will assume this debt is
valid.  If you notify this office in writing within 30
days from receiving this notice, that the debt, or any
portion thereof is disputed, this office will obtain
verification  of the debt or obtain a copy of a judgment
and mail you a copy of such judgment or verification.  If
you request this office in writing within 30 days after
receiving this notice, this office will provide you with
the name and address of the original creditor, if
different from current creditor.

CB8091104

# EXHIBIT 3

**Legal Advocates for Seniors and People with Disabilities**
205 W. Monroe, 4th Floor, Chicago, IL 60606
312-263-1633
Fax: 312-263-1637
E-Mail: LASPD@clclaw.org

October 25, 2006

Client Services, Inc.
Card Member Services
3451 Harry Truman Blvd
St Charles, MO 63301 4047

Re: Frank W. Glover
Consumer's account: 6113404

LASPD file number: 1422

Dear Sir or Madam:

I am writing to inform you that this office now represents the above-named individual(s) who has recently received a debt collection communication from your company. Legal Advocates for Seniors and People with Disabilities (LASPD) is a nationwide program of the Chicago Legal Clinic, Inc., a not-for-profit law office providing low-cost legal services to the public.

**I am requesting that you review the attached affidavit from our client(s) and cease all further communication with our client(s). As you will see, all of the income of our client(s) is protected from attachment by Federal law. We are therefore requesting that you accept the validity of the affidavit and cease all further collection activities.**

If you have any questions, please contact Legal Advocates for Seniors and People with Disabilities at 312-263-1633.

Very Truly Yours,

Jeff Whitehead
Supervising Attorney

Enclosures

# EXHIBIT 4

**Legal Advocates for Seniors and People with Disabilities**
205 W. Monroe, 4th Floor, Chicago, IL 60606
312-263-1633
Fax: 312-263-1637
E-Mail: LASPD@clclaw.org

October 25, 2006

Client Services, Inc.
Card Member Services
3451 Harry Truman Blvd
St Charles, MO 63301 4047

Re: Frank W. Glover
Consumer's account: 6113573

LASPD file number: 1422

Dear Sir or Madam:

I am writing to inform you that this office now represents the above-named individual(s) who has recently received a debt collection communication from your company. Legal Advocates for Seniors and People with Disabilities (LASPD) is a nationwide program of the Chicago Legal Clinic, Inc., a not-for-profit law office providing low-cost legal services to the public.

**I am requesting that you review the attached affidavit from our client(s) and cease all further communication with our client(s). As you will see, all of the income of our client(s) is protected from attachment by Federal law. We are therefore requesting that you accept the validity of the affidavit and cease all further collection activities.**

If you have any questions, please contact Legal Advocates for Seniors and People with Disabilities at 312-263-1633.

Very Truly Yours,

Jeff Whitehead
Supervising Attorney

Enclosures