UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK W. GLOVER,

    Plaintiff,

v.

CLIENT SERVICES, INC., and
JOHN DOE a/k/a "MR. WEST"
a/k/a "DAVID WEST",

    Defendants.

Case No. 1:07-CV-081

Hon. Richard Alan Enslen

| WARNER LAW FIRM, LLC | CLARK HILL PLC |
|---|---|
| By: Curtis C. Warner (P59915) | By: Elizabeth C. Jolliffee (P42712) |
| 200 N. Dearborn St., Ste. 4406 | 500 Woodward, Suite 3500 |
| Chicago, Illinois 60601 | Detroit, Michigan 48266 |
| (312) 238-9820 (TEL) | (313) 965-8300 (TEL) |
| (312) 638-9139 (FAX) | (313) 965-8252 (FAX) |
| *For Plaintiff* | *For Defendants* |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

**INTRODUCTION**

On January 26, 2007, Plaintiff Frank W. Glover ("Plaintiff"), filed an individual complaint alleging violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq*., ("FDCPA") and the Michigan Occupational Code, M.C.L. § 339.901 *et seq*., ("MOC") for contacting Plaintiff after Defendants Client Services, Inc., ("CSI") and John Doe a/k/a "Mr. West" a/k/a "David West" ("Mr. West"), collectively ("Defendants") knew that Plaintiff was represented by legal counsel. Also alleged is that Mr. West made statements that Defendants were going to sue Plaintiff and take his home in violation of the FDCPA and MOC.

Now on information and belief, Defendants contacted Plaintiff on November 1, 2006.  Plaintiff's subsequent review of his telephone records, demonstrate that CSI impermissibly used caller id blocker in violation of 15 U.S.C. §§1692e(10), 1692f, and 1692d(6) and M.C.L. §§ 339.915(e), (g) when it contacted him.  Plaintiff now seeks leave to amend his Complaint to assert these allegations on behalf of himself and on behalf of a class of similarly situated persons.

**ARGUMENT**

Fed.R.Civ.P. 15(a) provides that after a responsive pleading is filed, a party may amend his pleading, "only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires." According to sRule 15(a), leave to amend shall be freely given when justice so requires after a responsive pleading has been filed.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  It is within the Court's discretion to determine when such leave is appropriate. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

In this case, it was through informal discovery after being contacted by Defendants counsel that Plaintiff now believes that Defendants had contacted Plaintiff on November 1, 2006.  Defendants filed their answer on February 23, 2007.  A subsequent review of Plaintiff's telephone records confirmed that Defendant CSI used caller id blocker when it called Plaintiff, thereby falsely stating, misrepresent, and was deceptive as to its true telephone number.

Here, Plaintiff has promptly requested leave to amend upon the discovery of new evidence that supports Plaintiff's requested amendments that such conduct violates 15 U.S.C. §§1692e(10), 1692f, and 1692d(6).  Therefore Plaintiff has acted with due diligence in making

2

this request. *See Parry*, 236 F.3d at 306 (quoting *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir.1995)) (requiring that "the party requesting leave to amend must 'act with due diligence if it wants to take advantage of the rule's liberality'").

**WHEREFORE**, Plaintiff requests this Honorable Court to permit him to file the Amended Complaint attached hereto as Appendix 1.

                                Respectfully submitted,

                                s/ Curtis C. Warner
                                Curtis C. Warner

WARNER LAW FIRM, LLC
By: Curtis C. Warner (P59915)
200 N. Dearborn St. Suite #4406
Chicago, Illinois 60601
(312) 238-9820 (TEL)

3