UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

FRANK W. GLOVER,

    Plaintiff,

v.

CLIENT SERVICES, INC., and
JOHN DOE a/k/a "MR. WEST"
a/k/a "DAVID WEST",

    Defendants.

Case No. 1:07-CV-081

Hon. Richard Alan Enslen

Magistrate Judge Carmody

_____/

| | |
|---|---|
| WARNER LAW FIRM, LLC | CLARK HILL PLC |
| By: Curtis C. Warner (P59915) | By: Elizabeth C. Jolliffe (P42712) |
| 200 N. Dearborn St., Ste. 4406 | 500 Woodward, Suite 3500 |
| Chicago, Illinois 60601 | Detroit, Michigan 48266 |
| (312) 238-9820 (TEL) | (313) 965-8300 (TEL) |
| (312) 638-9139 (FAX) | (313) 965-8252 (FAX) |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

---

## RULE 16 SCHEDULING CONFERENCE

    A Rule 16 Scheduling Conference is scheduled for **Wednesday, March 21, 2007, at 9:00 a.m.** before United States Magistrate Judge Ellen S. Carmody, 401 Federal Building, 110 Michigan N.W., Grand Rapids, Michigan 49503.

    Appearing for the parties as counsel will be:

Curtis C. Warner, for Plaintiff and the proposed class

    1) Jurisdiction: The basis for the Court's jurisdiction is:

        This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (Fair Debt Collection Practices Act).  This Court has supplemental jurisdiction over Plaintiff's and proposed class' state law claims under 28. U.S.C. § 1367.

2) Jury or Non-Jury: **This case is to be tried before a jury**

3) Judicial Availability: The parties **agree** to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4) Geographic Transfer: The parties The parties **agree that the action may be transferred to be handled entirely by Magistrate Judge Ellen Carmody.**

5) Statement of the Case: This case involves:

**PLAINTIFF'S STATEMENT:**

Plaintiff, individually, alleges that Defendants violated the Fair Debt Collection Practices Act and the Michigan Occupational Code in that Defendants with knowledge that Plaintiff was represented by counsel contacted him, made actionable statements (1) we are going to sue you when in fact Defendants do not file suit in Kent County, Michigan, and (2) we are going to take your home which is a statement expressly prohibited under Michigan law, and contacted a third party in order to harass Plaintiff after Defendants had Plaintiff's locator information of his home address and telephone number.   Defendants have denied these allegations, and discovery into the truth of the matter needs to be investigated, and if after discovery a material question of fact exists, those facts to be resolved by the trier of fact.

This Court will need to resolve the legal issue whether Defendants are a "debt collector" under the FDCPA or that Defendant Client Services, Inc., is a "collection agency" under the Michigan Occupational Code.

On February 27, 2007, Plaintiff filed a motion to amend the complaint to add class claims under 15 U.S.C. §1692e(10), M.C.L. § 339.915(e) and 15 U.S.C. §1692f for Defendant Client Services, Inc.'s usage of a caller-id blocker that thereby causes its telephone

number to be falsely represented, is deceptive as to the true identity of the caller, and is misleading as to the identity of the caller. Plaintiff also alleges that such a practice is an unfair method of collection. Plaintiff's amended complaint alleges that the use of a caller-id blocker violates 15 U.S.C. §1692d(6) as the incoming collection call does not identify the originator's telephone number and therefore does not meaningfully disclose the caller's identity. Plaintiff also alleges that the use of a caller-id blocker violated M.C.L. § 339.915(g) as it does not accurately disclose the caller's identity.

On March 15, 2007, Plaintiff provided Defendants his Rule 26(a)(1) disclosures disclosing the name and telephone number of the third party, Plaintiff's ex-wife, who it is believed Defendants contacted. Defendant has not made any Rule 26(a)(1) disclosures. On March 20, 2007, Defendants' counsel first provided one envelope of two letters that were sent to Defendants by Plaintiff's counsel at LASPD.

After Defendants filed their answer, information became available that Defendants contacted Plaintiff on November 1, 2006. After reviewing Plaintiff's phone records, it became clear that Defendants use some method of caller-id blocker to prevent their telephone number from being disclosed. Defendants are believed to have contacted Plaintiff after November 2, 2007, the alleged date that they became aware that Plaintiff was represented by counsel. Plaintiff's telephone records which have also been disclosed to Defendants' counsel indicates several instances where, just like the November 1, 2006, telephone call from Defendants, the incoming telephone number was "unavailable" and believed to be the dates and times when Defendants contacted again Plaintiff.

Plaintiff objects to Defendants' mischaracterization that adding the class claim was done for harassment, legal fees and a fishing expedition. Plaintiff disputes Defendants'

3

version of what the evidence will ultimately show and that Plaintiff has sufficiently stated a claim upon which relief can be granted. The class claim is based upon information obtained after the filling of the complaint and it is believed that Defendants practice use of some method of caller-id blocker that prevents their telephone number from being disclosed to debtors they contact in Michigan. Plaintiff believes that this practice is suitable for class treatment.

Defendants have not properly responded to Plaintiff's motion to amend the complaint and therefore any opposition to the proposed amended complaint has been waived.

**DEFENDANT'S STATEMENT:**

The evidence in this matter will demonstrate the fundamental factual errors in Plaintiff's claims. Defendant (the "Company") did not make the alleged statements and did not contact Plaintiff after learning that he was represented by a lawyer. The Company has no record of having contacted a third party in order to harass Plaintiff, and has asked Plaintiff's counsel for that telephone number in order to investigate further. Last, the Company does not use a caller identification blocker on its calls. The Company opposes the Motion to Amend the Complaint to add a class action on several grounds, including but not limited to, it is solely for purposes of harassment and legal fees, a fishing expedition and fails to state a claim upon which relief can be granted.

6) Pendent State Claims: This case does include pendent state claims.

**PLAINTIFF'S STATEMENT:**

Plaintiff's individual federal claim, Count III and state law claim, Count IV arise out of the same operative facts, Defendant West's statements that: (1) we are going to sue you when in fact Defendants do not file suit in Kent County, Michigan, and (2) we are going to take

4

your home when in fact Defendant's do not file foreclosure actions in Kent County, Michigan. Likewise, Plaintiff's federal claim in Court II and state claim in Count V both allege that Defendants contacted a third party after they had Plaintiff's locator information.

The amended complaint's class claims under 15 U.S.C. §1692e(10), M.C.L. § 339.915(e), 15 U.S.C. §1692f, 15 U.S.C. §1692d(6), and M.C.L. § 339.915(g) all arise from the common operative fact of Defendant Client Services, Inc.'s use of caller-id blocker in its collection practice.

Under *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), as codified at 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. In exercising its discretion, therefore, this Court must look to considerations of judicial economy, convenience, fairness, and comity, and also avoid needless decisions of state law. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173; *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350; *Gibbs*, 383 U.S. at 726; *see also* C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3567.1 (2d ed. 1984). Given the allegations in this matter, Plaintiff asserts that it would not serve the principals of judicial economy or comity for the federal court and the state court to *both* determine the issues of law and fact of Plaintiff's and the proposed class' allegations. Therefore it is proper for this Court to exercise its supplemental jurisdiction over Plaintiff's and the proposed class' claims arising under state law.

**DEFENDANT'S STATEMENT**:

Defendant does not object to pendent jurisdiction.

7) Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **May 15, 2007**

5

8) Disclosures and Exchanges:
(i) Fed.R. Civ.P. 26(a)(1) disclosures:
**On March 15, 2007**, **Plaintiff made his initial disclosures.**
**Defendant intends to make its initial disclosures on or before March 30.**


(ii) The parties may call expert witnesses if necessary.

(iii) It **would not** be advisable in this case to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2).

Reports, if required, should be exchanged according to the following schedule:

(iv) The parties have agreed to make available the following documents without the need of a formal request for production:

FROM PLAINTIFF TO DEFENDANT:

      Plaintiff has already provided Defendants the two letters he received from Defendant and the two letters Jeff Whitehead sent Defendant Client Services, Inc. Plaintiff has also provided Defendants his telephone records for the time period relevant to this matter.

FROM DEFENDANT TO PLAINTIFF

      Defendant has already provided Plaintiff with the postmark for the letters sent by Jeff Whitehead. Defendant is also providing Plaintiff with a disk containing the audio recordings of the telephone conversations with Plaintiff.

9) Discovery: The parties believe that all fact discovery proceedings can be completed by **September 17, 2007**. The parties recommend the following discovery plan:

PLAINTIFF'S STATEMENT:

      Plaintiff proposes a discovery plan of written discovery followed by depositions. Plaintiff needs to take discovery into the truthfulness of Defendants' denial of the allegations and the factual and legal foundation of their affirmative defenses. Specifically, Defendants' timing

6

of their receipt of Plaintiff's counsel's cease and desist letter, Defendants' knowledge of the letters, and the timing of Defendants' contact of a third party after they obtained Plaintiff's locator information. Plaintiff also needs discovery into the extent of similar allegations made against Defendants for similar wrongful acts and into Defendants' *bona fide* error defense.

Plaintiff also needs class discovery as to numerosity, Defendant Client Service's Inc.'s practice of caller-id blocker to contact consumers with Michigan area codes, and Defendant Client Service's Inc.'s net worth as to FDCPA class claims.

At this time, Plaintiff does not foresee any additional discovery beyond the standard number of interrogatories and deposition time limitations.

**DEFENDANT'S STATEMENT**:

Defendant anticipates promptly filing a motion for summary judgment based on the evidence exchanged between the parties. Defendant opposes the Motion to Amend the Class Action as harassment on the unfounded allegation of the use of a caller identification blocker.

10) Disclosure or Discovery of Electronically
Stored Information: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

**PARTIES' STATEMENTS**:

Plaintiff shall disclose any information in his of his counsel's possession in its native form. Defendant will produce hard copies of all responsive, relevant, nonprivileged information in its native form.

11) Assertion of Claims of Prejudice or Work- Product Immunity After Production:

The parties agree to a 7-day rule that inadvertently produced material can be retrieved within this time frame.

12) Motions: The parties anticipate that all dispositive motions will be filed by **October 29, 2007.**

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

The following dispositive motions are contemplated by each party:

**PLAINTIFF'S STATEMENT**:

      Plaintiff contemplates filing a motion for summary judgment as to liability.

**DEFENDANT'S STATEMENT**:

      Defendant anticipates filing a motion for summary judgment as to all issues.

13) Alternative Dispute Resolution: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: (Set forth each party's position with respect to the preferred method, if any, of alternative dispute resolution. Methods used in this district include, but are not limited to, voluntary facilitative mediation (W.D. Mich. L.Civ.R.16.3), early neutral evaluation (W.D. Mich. L.Civ.R.16.4), and case evaluation (MCR 2.403 and W.D. Mich. L.Civ.R. 16.5).) For the local rules regarding all forms of ADR used in this district and for lists of mediators, case evaluators and arbitrators, see the court's website at www.miwd.uscourts.gov.

**PLAINTIFF'S STATEMENT:**

      Plaintiff does not believe that ADR is feasible at this time without knowing the

class size and Defendant Client Services, Inc.'s net worth.

**DEFENDANT'S STATEMENT**:

      Defendant does not believe ADR is feasible or necessary at this time.

14) Length of Trial: Counsel estimate the trial will last approximately 3 days total, allocated as follows: 1.5 days for plaintiff's case, 1.5 days for defendant's case, 0 days for other parties.

15) Prospects of Settlement: The status of settlement negotiations is:

**PLAINTIFF'S STATEMENT:**

Without knowing the putative class size and Defendant Client Services, Inc.'s net worth, Plaintiff is unable to entertain any offer of settlement. Plaintiff objects to Defendants' mischaracterization that adding the class claim was done for harassment, legal fees and a fishing expedition. Plaintiff disputes Defendants' version of what the evidence will ultimately show and that Plaintiff has sufficiently stated a claim upon which relief can be granted. The class claim is based upon information obtained after the filling of the complaint and it is believed that Defendants practice use of some method of caller-id blocker that prevents their telephone number from being disclosed to debtors they contact in Michigan. Plaintiff believes that this practice is suitable for class treatment.

**DEFENDANT'S STATEMENT**:

The Company opposes the Motion to Amend the Complaint to add a class action on several grounds, including but not limited to, it is solely for purposes of harassment and legal fees, a fishing expedition and fails to state a claim upon which relief can be granted. Plaintiff has made no demand on his individual claim, nor is Defendant very interested in entertaining a settlement demand based on the evidence undermining the foundation of his claim.

16) Court Electronic Document Filing System: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

Respectfully submitted,

| | |
|---|---|
| s/ Curtis C. Warner | s/ Elizabeth C. Jolliffe |
| WARNER LAW FIRM, LLC | CLARK HILL PLC |
| By: Curtis C. Warner (P59915) | By: Elizabeth C. Jolliffe (P42712) |
| 200 N. Dearborn St., Ste. 4406 | 500 Woodward, Suite 3500 |
| Chicago, Illinois 60601 | Detroit, Michigan 48266 |
| (312) 238-9820 (TEL) | (313) 965-8300 (TEL) |
| (312) 638-9139 (FAX) | (313) 965-8252 (FAX) |
| *Counsel for Plaintiff* | *Counsel for Defendants* |