# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

FRANK W. GLOVER,

          Plaintiff,

vs.

CLIENT SERVICES, INC., and JOHN DOE
a/k/a "MR. WEST" a/k/a "DAVID WEST,"

          Defendants.

Case No. 1:07cv081

Magistrate Judge Ellen Carmody

---

| WARNER LAW FIRM, LLC | CLARK HILL PLC |
|---|---|
| Curtis C. Warner (P59915) | Elizabeth C. Jolliffe (P42712) |
| 200 N. Dearborn Street, Suite 4406 | Paul C. Smith (P55608) |
| Chicago, Illinois 60601 | 500 Woodward Avenue, Suite 3500 |
| (312) 238-9820 (phone) | Detroit, Michigan 48226 |
| (312) 638-9139 (fax) | (313) 965-8300 (phone) |
| Attorneys for Plaintiff | (313) 965-8252 (fax) |
| | Attorneys for Defendants |

---

## DEFENDANTS' BRIEF IN RESPONSE TO
## PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

### I. Introduction

Defendants Client Services, Inc. and Kenneth Hart ("Defendants"), by their attorneys, Clark Hill, PLC, oppose Plaintiff's Motion to Amend the Complaint on the ground that the proposed amendment would be futile.

Plaintiff's four new class-action allegations are based on the alleged fact that Plaintiff's telephone records reveal that Defendant Client Services, Inc. placed a telephone call to Plaintiff's residence without identifying Defendant's telephone number to Plaintiff's caller identification ("caller ID") device. Plaintiff argues that it is against the law for a collection agency to make a telephone call without disclosing its telephone number, in advance, through caller ID. No legal

authority supports Plaintiff's position that Defendant has an affirmative duty to disclose its telephone number to Plaintiff *before* Plaintiff answers the call.   Meaningful disclosure by a collection agency does not require the disclosure of the identity of the caller before the call is answered.   Deciding this controlling legal question in advance of Plaintiff's proposed amendments will efficiently resolve the class-action portion of this dispute.

## II. Facts

Plaintiff seeks to amend its complaint to add class allegations (Counts VI – IX) based on an allegation that Defendant blocked its telephone number from appearing on caller identification ("caller ID").   Notably, Plaintiff does not allege that he was ever actually misled by the Defendant's alleged failure to affirmatively disclose its telephone number to Plaintiff's caller ID device.   There is no allegation that disclosure of Defendant's telephone number could have made any difference to Plaintiff as there is no allegation that Plaintiff knew Defendant's telephone number.   Nevertheless, Plaintiff claims that Defendant's alleged blocking of its telephone number from appearing on caller ID violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*   Based on these allegations, Plaintiff seeks to expand his individual claim into a class action.

This Court may take judicial notice of the following undisputed facts.   First, caller ID technology is designed to allow the recipient of an incoming telephone call to see the telephone number of the caller before answering the telephone.   Second, the display of caller ID information is accessible only to those telephone users that purchase caller ID service and utilize a caller ID device.   Third, the person making a telephone call may elect to block his or her own telephone number from appearing on the recipient's caller ID device.   Fourth, caller ID technology did not exist in 1977, when the FDCPA was enacted.

### III. Standard

A district court should deny a plaintiff leave to amend his or her complaint when the proposed amendment would be futile. *See Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). A proposed amendment would be futile if it fails to state a valid claim. *See Ziegler v. IBP Hog Marketing, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001).

### IV. Argument

#### A. *General Considerations Applicable to All Proposed New Counts*

"The Fair Debt Collection Practices Act was enacted in 1977 in response to public perception of the use of unfair and abusive debt collection practices by many debt collectors. The statutory purpose of the act is set forth in 15 U.S.C. § 1692(e): 'It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Frey v. Gangwish*, 970 F.2d 1516, 1518 (6th Cir. 1992), quoting 15 U.S.C. § 1692(e). The conduct alleged here (i.e., failing to make affirmative disclosure of the collection agency's telephone number *before* the recipient answers his or her telephone) is not the sort of "abusive" debt collection that Congress had in mind when it enacted the FDCPA.

We know this for several reasons. First, pre-answer disclosure of the caller's telephone number could not have been contemplated by Congress when it enacted the FDCPA in 1977. Caller ID technology did not yet exist at that time. The only type of disclosure associated with telephone calls that Congress possibly could have contemplated would have been *post*-answer disclosure of the caller's identity as a debt collection agency. To hold that Plaintiff has stated a valid claim under the FDCPA would be to conclude that the standard of conduct required by the

3

FDCPA (i.e., pre-answer disclosure vs. post-answer disclosure) can change over time without any change in the written law solely based on changes in technology. What was sufficient to satisfy the FDCPA in 1977 (i.e. post-answer disclosure) should be sufficient to satisfy the FDCPA today. If Congress wished to change the standard of conduct in response to technological developments, it could amend the FDCPA to expressly do so.

Second, a disclosure of the caller's identity upon an actual communicative connection with the recipient must be sufficient to satisfy the FDCPA. Otherwise collection agencies could not make any telephone calls to consumers who do not have the ability to access caller ID technology because there would be no means for collection agencies to make an affirmative pre-answer disclosure to these consumers. Conversely, it would not make sense to hold that post-answer disclosure is sufficient in some cases but not in others.

Third, not only is full post-answer disclosure sufficient to satisfy the FDCPA, it is also the only possible way to comply with the FDCPA. Plaintiff asserts that Defendant should have affirmatively disclosed its telephone number (and only its telephone number) *before* Plaintiff answered his telephone. But the FDCPA, at a minimum, requires disclosure of the caller's identity as a collection agency, which cannot be accomplished by the mere disclosure of a ten-digit telephone number. If the caller is permitted to make full disclosure of its identity upon the commencement of an actual communicative connection with the consumer (i.e., after the consumer answers his or her telephone), then there is no good reason that the telephone number could not also be disclosed at this time—assuming that disclosure of the caller's *telephone number* is ever required. Assuming that full disclosure after the recipient of the call answers his or her telephone is sufficient, a court-created requirement that the caller additionally make a pre-

4

answer disclosure of just its telephone number would add nothing of substance to the notice required to be provided.

Finally, there is no published case law authority for Plaintiff's argument. The only case ever to have addressed caller ID within the context of the FDCPA, was the unpublished decision of the Federal District Court for the District of Minnesota in *Knoll v IntelliRisk Management Corp*, 2006 US Dist LEXIS 77467. The key fact in *Knoll*, which is not present in this case, was the caller's affirmative provision of *false* information to the recipient's caller ID device (i.e., causing the name "Jennifer Smith," who did not exist, to appear on the recipient's caller ID device). In this case, by contrast, there is no allegation that Defendant made any factual misrepresentation. Nor is there any allegation that Defendant made any representation at all. It is the *absence* of an affirmative pre-answer representation of the caller's telephone number upon which Plaintiff relies.

The following subsections address, with more specificity, the language of the statutory provisions forming the basis of Plaintiff's complaint.

**B.** *Count VI – 15 U.S.C. § 1692e(10) – False or Misleading Representations*

Section 1692e(10) of the FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." There is no allegation in this case that Defendant deceived Plaintiff or made a false representation. The failure to affirmatively disclose a telephone number—as is alleged in this case—is simply not the same thing as affirmatively making a false statement or undertaking in deceptive conduct. In short, there was no falsity here.

In *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 400-401 (6th Cir. 1998), quoting *Johnson v. NCB Collection Services*, 799 F. Supp. 1298 , 1304 (D. Conn. 1992), the Sixth Circuit

Court of Appeals held that a collection agency's use of an alias did not violate § 1692e because it did not "misrepresent the amount of a debt, the consequences of its non-payment, nor the rights of the contacted debtor." For the same reason, Defendant's alleged innocuous act of failing to disclose its telephone number to Plaintiff's caller ID device did not "misrepresent the amount of a debt, the consequences of its non-payment, nor the rights of the contacted debtor."

### C. *Count VII – 15 U.S.C. § 1692f – Unfair or Unconscionable Means of Collection*

Section 1692f of the FDCPA prohibits unfair or unconscionable means to collect a debt. For the reasons stated above in Part IV-A, a collection agency's decision not to disclose its telephone number to a caller ID device is not unfair or unconscionable. Moreover, the examples of "unfair or unconscionable" practices set forth in the statute demonstrate that Defendant's alleged conduct (i.e., causing Plaintiff's telephone to ring without any pre-answer disclosure of Defendant's telephone number) was neither unfair nor unconscionable.

The closest example given in the FDCPA is in § 1692f(5), "Causing charges to be made to any person for communications by concealment of the true purpose of the communication." The present allegations do not fit this example because Defendant did not cause Plaintiff to incur any charges. Nor did Defendant conceal the purpose of the communication. Plaintiff does not allege that Defendant concealed the purpose of the communication after Plaintiff answered the call.

### D. *Count VIII – 15 U.S.C. § 1692d(6) – Harassment or Abuse*

Finally, Plaintiff claims a violation of § 1692d(6) of the FDCPA, which requires meaningful disclosure of the caller's identity during telephone calls to the plaintiff. Section 1692 prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." See *Harvey v Great Seneca Financial Corporation*,

453 F.3d 324, 329 (6th Cir. 2006). The *Harvey* Court further explained that "the examples of oppressive conduct listed in § 1692d concern tactics intended to embarrass, upset, or frighten a debtor." *Id.* at 330. The *Harvey* Court reasoned that the filing a debt-collection lawsuit did not rise to this letter. If that is true, then a telephone call to Plaintiff's residence without allowing for the disclosure of Defendant's telephone number to Plaintiff's caller ID device also cannot be a violation of § 1692d. No rational person would be embarrassed, upset, or frightened by an unanswered telephone call from an unidentified caller. Defendant's alleged conduct of causing Plaintiff's telephone to ring without allowing for the disclosure of Defendant's telephone number to Plaintiff's caller ID device can hardly be described as harassing, oppressive, or abusive conduct.

Additional reasons why the "meaningful disclosure" requirement of § 1692d(6) is not violated by a collection agency's alleged failure to allow its number to appear on the recipient's caller ID device have been described above in Part IV-A. In short, there is no reason to conclude that Congress intended § 1692d(6) to require pre-answer disclosure of the collection agency's telephone number (when such technology did not exist in 1977) or that Congress ever intended to require more than disclosure of the caller's identity and purpose *after* the recipient answers his or her telephone call. See, e.g., *Joseph v J.J. MacIntyre Companies, L.L.C.*, 238 F. Supp. 2d 1158, 1167 (N.D. Cal. 2002) ("The 'meaningful disclosure' required by section 1692d(6) has been made if an individual debt collector who is employed by a debt collection agency accurately discloses the name of her employer and the nature of her business and conceals no more than her real name.").

### E.  *Count IX – MCL 339.915 – Michigan Law*

The Michigan statute set forth at M.C.L. § 339.915 mirrors the federal law and does not require any additional disclosure by a collection agency.  The state disclosure requirement is not triggered until the collection agency begins "communicating with" the debtor.  See M.C.L. § 339.915(g).  Accordingly, Plaintiff has not stated a claim under the state provision.

### V.  Relief Requested

For the reasons stated, this Court should deny Plaintiff's motion to amend on the ground that the amendment would be futile.

Respectfully submitted,

By:  s/Elizabeth C. Jolliffe
Clark Hill PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300
Attorneys For Defendants
(P42712)

Date: April 2, 2007                    ejolliffe@clarkhill.com

### CERTIFICATE OF SERVICE

I, Elizabeth C. Jolliffe, hereby certify that on April 2, 2007, my assistant, Janet Henry, electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Curtis C. Warner, Esq.

By:  s/Elizabeth C. Jolliffe
Clark Hill PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300
Attorneys For Defendants
(P42712)

Date: April 2, 2007                    ejolliffe@clarkhill.com