UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK W. GLOVER,

    Plaintiff,

       v.

CLIENT SERVICES, INC., and
JOHN DOE a/k/a "MR. WEST"
a/k/a "DAVID WEST",

    Defendants.

Case No. 1:07-CV-081

Magistrate Judge Ellen S. Carmody

_____/

| WARNER LAW FIRM, LLC | CLARK HILL PLC |
|---|---|
| By: Curtis C. Warner (P59915) | By: Elizabeth C. Jolliffe (P42712) |
| Millennium Park Plaza | 500 Woodward, Suite 3500 |
| 151 N. Michigan Ave. 37th Floor - 3714 | Detroit, Michigan 48266 |
| Chicago, Illinois 60601 | (313) 965-8300 (TEL) |
| (312) 238-9820 (TEL) | (313) 965-8252 (FAX) |
| (312) 638-9139 (FAX) | *Counsel for Defendants* |
| *Counsel for Plaintiff* | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

NOW COMES, Plaintiff Frank W. Glover ("Plaintiff"), by and through his counsel, Curtis C. Warner of Warner Law Firm, LLC, and motions this Honorable Court to enter an Order compelling Defendants to produce: (1) Their required Rule 26(a)(1) disclosures which this Court's March 29, 2007 Case Management Order mandated that they make; (2) Require Defendants to sign their interrogatory responses and supplemental interrogatory responses as required under Rule 33; (3) Compel Defendants to produce documents that they are intentionally and wrongfully withholding[1]. Plaintiff also requests this Court under Rule 37(4) to fashion an appropriate remedy for Defendants' failure to comply with the discovery rules

---

[1] This motion does not address all of the current outstanding discovery requests cited in Plaintiff's April 23, 2007 Rule 37 letter. This motion only addresses those discovery issues where Defendants have

In support of this motion, Plaintiff states as follows:

1. Rule 37(2)(A), (B) provides that if a party has failed to make its required disclosures under Rule 26(a) or failed to produce a document under Rule 34 a party may move to compel the discovery.

2. Rule 37(4) permits this Court to fashion an appropriate remedy for Defendants' failure to comply with the discovery rules.

3. Plaintiff's counsel has made a good faith effort to obtain these outstanding discovery requests as required under Rule 37(2)(A), (B).

4. Plaintiff has submitted a memorandum in support of his motion outlining the discovery dispute.

                                        Respectfully submitted,

                                        s/ Curtis C. Warner
                                          Curtis C. Warner

WARNER LAW FIRM, LLC
By: Curtis C. Warner (P59915)
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor - 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com
*Counsel for Plaintiff*

---

violated this Court's Order, failed to comply with Rule 33's signature requirements, documents in Defendants' possession that have been without any basis, and that Defendants have refused to produce requested documents.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK W. GLOVER,

    Plaintiff,

      v.

CLIENT SERVICES, INC., and
JOHN DOE a/k/a "MR. WEST"
a/k/a "DAVID WEST",

    Defendants.

Case No. 1:07-CV-081

Magistrate Judge Ellen S. Carmody

_____/

| WARNER LAW FIRM, LLC | CLARK HILL PLC |
|---|---|
| By: Curtis C. Warner (P59915) | By: Elizabeth C. Jolliffe (P42712) |
| Millennium Park Plaza | 500 Woodward, Suite 3500 |
| 151 N. Michigan Ave. 37th Floor - 3714 | Detroit, Michigan 48266 |
| Chicago, Illinois 60601 | (313) 965-8300 (TEL) |
| (312) 238-9820 (TEL) | (313) 965-8252 (FAX) |
| (312) 638-9139 (FAX) | *Counsel for Defendants* |
| *Counsel for Plaintiff* | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
MOTION TOCOMPEL DISCOVERY**

    **I.**    **Nature of the Case**

        Plaintiff's cause of action arose under the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq*. ("FDCPA") and under Michigan law regulating the activities of collection agencies.

        Plaintiff, individually, has alleged that Defendants violated: (1) § 1692c(a)(2) in that failed to cease communications after they knew Plaintiff was represented by counsel; (2) §1692c(b) in that a third party was contacted after Defendants had obtained Plaintiff's locator information;  (3) § 1692e(5) in that Defendants made false and misleading statements regarding threatening to sue if Plaintiff did not pay the debt, when in fact defendant's do not sue; (4)

Plaintiff also alleges that Defendants same conduct violate state law, M.C.L. §§ 339.915(f)(i), (iii) and 339.915(n). Plaintiff has also alleged, individually and on behalf of a class, that Defendants use of a caller-id blocker that prevents Defendants telephone number or name from being transmitted to a consumer violated 15 U.S.C. §1692e(10) and §1692f.

**II.     Rule 37(2)(A), (B) Requirements**

Plaintiff's counsel has attempted in good faith to resolve this discovery dispute. The chronology of Plaintiff's counsel's attempts to obtain Defendants' compliance with the discovery process are as follows:

On March 20, 2007, Plaintiff's counsel was sent what was according to Defendants' counsel, "a disk containing a copy of all of the recordings in Client Services, Inc.'s possession." Exhibit 1.

On March 23, 2007, Plaintiff's counsel wrote to Defendants' counsel a Rule 37 letter requesting, in part, "if there are any additional phone calls not produced, please provide those also." Exhibit 2.

On March 28, 2007, Plaintiff and Defendants' counsel spoke regarding the recorded phone call production.

On April 2, 2007, Defendants responded to Plaintiff's request for document production. Exhibit 3.

On April 2, 2007, Defendants responded to Plaintiff's Interrogatories. Exhibit 4.

On April 4, 2007, Plaintiff's counsel sent Defendants' counsel a Rule 37 letter regarding the Defendants' April 2, 2007 discovery responses. Exhibit 5.

On April 6, 2007, Defendants responded to Plaintiff's March 23, 2007 Rule 37

letter. Exhibit 6.

On April 9, 2007, Plaintiff's counsel left a message with Defendants' counsel requesting her to follow-up with Plaintiff's Rule 37 letter. On April 11, Defendants' counsel responded, "I am supposed to speak with my client tomorrow to go over the letter in detail."

On April 20, 2007, Defendants' counsel responded to Plaintiff's April 4, 2007 Rule 37 letter. Exhibit 7.

On April 23, 2007, Plaintiff's counsel spoke with Defendants' counsel regarding Defendants' April 20, 2007 response.

On April 23, 2007, Plaintiff's counsel followed up his conversation with Defendants' counsel addressing in writing Defendants' counsel's April 20, 2007 response, addressed other outstanding discovery, and Defendants' objections to Plaintiff's second request for document production. Exhibit 8.

**III.    Standard for Discovery**

Rule 26(b)(1) defines the scope of discovery, in pertinent part, that, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ." The word "relevant" encompasses:

> any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.... [D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (*citing Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

"Mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman*, 329 U.S. at 507. Rule 26 casts a wide net over the scope of discovery to include, "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1); *Varga v. Rockwell International Corp.*, 242 F.3d 693, 697 (6th Cir. 2000) "[T]he scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

In *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958), the Court stated that "[m]odern instruments of discovery serve a useful purpose.... They together with pretrial procedures make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. Only strong public policies weigh against disclosure." *Procter & Gamble Co.*, 356 U.S. at 682. Furthermore, complete interrogatory responses may help the parties avoid unnecessary depositions and further cost to the parties. *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 307-308 (S.D.N.Y. 1982).

IV.     **Argument**

    A.     **Rule 26(a)(1) disclosures**

On March 29, 2007 this Court entered its Case Management Order requiring that Defendants make their Rule 26(a)(1) disclosures by March 30, 2007. *Glover v. Client Services, Inc., et al*, 1:07-cv-00081, Dkt. 13, Case Management Order (W.D. Mich. March 29, 2007). On April 4, 2007, Plaintiff wrote Defendants' counsel, "Plaintiff agreed to give Defendants an extension of time until April 2, 2007 to produce its discovery responses. However, *Defendants have failed to produce their Rule 26(a)(1) disclosures.*" Exhibit 5 at 1 (emphasis added).

6

Again on April 23, 2007, Plaintiff's counsel informed Defendants' counsel:

A.   Noticeably missing again from Defendants' response is any Rule 26(a)(1) disclosures. Defendants were explicitly notified:

First, Plaintiff agreed to give Defendants an extension of time until April 2, 2007, to produce its discovery responses. However, Defendants have failed to produce their Rule 26(a)(1) disclosures. Please promptly provide them to me.

Exhibit 8 at 4.

"Strict compliance with orders of a district court is an important duty of counsel." *Freeland, v. Amigo,* 103 F.3d 1271, 1277 (6th Cir. 1997). If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for the appropriate sanctions. FED. R. CIV. P. 37(2)(A). In determining the appropriate sanction, the trial courts are directed to consider the following factors (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. *Freeland,* 103 F.3d at 1277 (6th Cir. 1997); *accord Regional Refuse Sys., Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th Cir. 1988).

### B.   Defendants' Failure to Verify their Interrogatories

Rule 33(b)(2) requires that, "The answers [to interrogatories] are to be signed by the person making them, and the objections signed by the attorney making them." FED. R. CIV. P. 33(b)(2). In *Watts v. Federal Express Corp.,* 1:99-cv-701, 2001 WL 1661474 (W.D. Mich. Apr. 11, 2001), the court also noted that a supplemental response to an interrogatory only signed by the defendant's counsel failed to comport with Rule 33(b). *Watts,* 2001 WL 1661474 at *1 n.1.

Defendants' counsel responded to Plaintiff's interrogatories, however failed to

7

have them verified by her clients. In fact, Defendants answered Interrogatory No. 1, which requested the names of the persons who answered the Complaint and discovery requests, with objections followed by "Without waiving these objections, see Verification *to be provided*." Exhibit 4 at 2 (emphasis added).

On April 4, 2007, Defendants' counsel was informed that, "under Rule 33 an attorney alone cannot answer Interrogatories" and "Defendants['] response that 'Verification to be provided' is an insufficient response." Exhibit 5 at 2.

On April 20, 2007, Defendants' counsel supplemented their answers indicating that, Defendants' general counsel and her assistant provided the answers. However, again no verification of the interrogatories was sent nor was the supplemental responses signed by Defendants.

On April 23, 2007, Defendants' counsel was again informed:

> C. Interrogatories Verification Page. While in Interrogatory No. 1 Defendants' originally answered, "Without waiving these objections, see Verification to be provided" Defendants have not provided verification of the interrogatories as required by Rule 33. As such, please promptly provide a verification page to the first set of interrogatories.

Exhibit 8 at 5.

**C.	Document Production No. 1 - Audio Recordings Related to Third Party Contacts**

Defendants admit that, "[s]ince late January 2006, CSI has attempted to record most outbound and inbound telephone calls by means of a software product entitled Verint. No calls have been destroyed or otherwise disposed of since the inception of this product. . . ." Exhibit 4 at 4 ¶ 9. Plaintiff's Request for Document Production No. 1 requested:

8

> All documents relating to Plaintiff, or which are index, filed or retrievable under Plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

In the definitions section of the document request the term "Documents" included "or any other computer software used to . . . record, or capture any . . . voice" and "recordings of telephone conversations. . . ."

Plaintiff's counsel's April 23, 2007 Rule 37 letter stated:

> I. DEFENDANTS' CONFIRMATION OF RECORDING OF MESSAGE TO EX-WIFE
> This letter will memorialize that you informed me that you now have in your possession a recorded message that was left on Plaintiff's ex-wife's answering machine.
>
> PLAINTIFF'S MARCH 23, 2007 RULE 37 LETTER
> In Plaintiff's March 23, 2007 Rule 37 letter Defendants were requested, "if there are any additional phone calls not produced, please also provide those also."
>
> PLAINTIFF'S RESPONSE REGARDING THE EX-WIFE'S RECORDING
> One month after Plaintiff's Rule 37 letter, Defendants are now acknowledging the existence of a document that were requested in discovery and then again requested in a Rule 37 Letter. Again, Plaintiff's Request for Document Production No. 1 requested:
>
> All documents relating to Plaintiff, or which are index, filed or retrievable under Plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.
>
> In the collection notes that were provided there are additional entries that appear to be third-party contacts related to Plaintiff. Under Rule 26's broad scope of discovery and the fact that Plaintiff has plead that Defendants contacted a third party after they had obtained Plaintiff's locator information, all of these recordings are relevant. Therefore all of these voice recordings of third party contacts must be disclosed.

Exhibit 8 at 1-2.

Defendants were also informed that according to their collection notes they were also

9

withholding other phone calls related to the attempted collection of Plaintiff's alleged debt as follows:

> II. DEFENDANTS' OTHER UNPRODUCED TELEPHONE CALLS RELATED <u>TO THE ATTEMPTED COLLECTION OF PLAINTIFF'S ACCOUNT</u>
>
> The collection notes produced by Defendants, Bates No. CSI 0001- 0008, show that more phone calls were made than those audio recordings produced by Defendants, not limited to, but for example:
>
> 1. Bates No. CSI 0003
>    (026)   10-11-06      HE TEL
>
> 2. Bates No. CSI 0003
>    (036) & (041)
>    Both of these calls occurred on 10-18-06, however only one of these calls has been produced.
>
> 3. Bates No. CSI 0003
>    (064) – This phone call has not been produced
>    (068) – This phone call has not been produced
>
> 4. Bates No. CSI 0006
> (006) –HYS: Called Plaintiff's former place of employment and obviously obtained some information from that former employer.
>  (017) HYS: "TEL OTHER" / Left M[e]s[sa]g[e] on ans[wering] machine".

<u>Id</u>. at 2.

Plaintiff is also seeking two phone calls relating to Defendant Mr. West's (Mr. Hart) collection attempts. In the October 10, 2006 conversation with Plaintiff, Mr. Hart stated, "We just got off the phone with the county and we know that you own the house . . . ." Defendants have not produced this phone call that Defendant Hart affirmatively states occurred. Instead after being confronted with this fact, Defendants responded to Plaintiff's Rule 37 letter stating:

> Mr. West says he contacted the county. In the normal course of business, CSI's representatives attempt to determine the consumer's ability to pay

10

by investigating their assets. The county office, where Mr. Glover resides, would have been able to verify whether Mr. Glover owned his property.

Exhibit 6 at 1.

This response is evasive as pointed out in Plaintiff's April 23, 2007 Rule 37 letter.

Plaintiff also believes that Mr. Hart contacted Plaintiff after Defendants' receipt of the cease and desist letter and ahs requested that this phone call be produced.

None of these recorded phone calls requested have been produced, even the one Defendants' counsel admitted she has in her possession.

**D.     Document Production No. 2 - Mr. Hart's Personnel File**

Mr. Hart and his conduct and credibility are directly at issue in this matter. As such under Rule 26 all information related to how he has conducted himself during his employment at Client Services, Inc., is relevant. Plaintiff had requested to be produced:

> All documents, relating to WEST, including but not limited to FDCPA training and testing, application for employment, performance evaluations, discipline records, recorded telephone calls, or which are index, filed or retrievable under WEST's name or any number, symbol, designation or code (such as an employee number or Social Security number) assigned to WEST. Excluded from this request are any and all time and payroll documents. Also Excluded from this request are any form letters sent with WEST's name on them.

Exhibit 3 at 2 ¶ 2.

Defendants have refused this request. Exhibit 7 at 2-3 ("Defendants will not produce Defendant Hart's personnel file based on his privacy rights. . . ."). Because the information is "relevant" under Rule 26, Defendants' refusal is improper. *United States v. Kiszewski*, 877 F. 2d 210, 215-216 (2d Cir. 1989) (reversing trial court's refusal to compel disclosure of personnel file that showed key government agent was untrustworthy where

11

prosecution hinged on credibility of agent); *See e.g. Watts*, 2001 WL 1661474 at 2 (ordering the defendant to "produce the employment file . . . in its entirety").

**V.     Conclusion**

WHEREFORE, for the reasons stated above, Plaintiff requests this Honorable Court to enter an Order for Defendants to Show Cause for their failure to make their Rule 26(a)(1) disclosures and to verify their interrogatories under Rule 33. Plaintiff also requests that Defendants produce the documents requested in Plaintiff's requests for documents No. 1 and No. 2. Plaintiff further requests an appropriate remedy under Rule 37(4) for having to bring this motion.

                              Respectfully submitted,

                              <u>s/ Curtis C. Warner</u>
                                Curtis C. Warner

WARNER LAW FIRM, LLC
By: Curtis C. Warner (P59915)
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor - 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com
*Counsel for Plaintiff*

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK W. GLOVER,

    Plaintiff,

      v.

CLIENT SERVICES, INC., et al

    Defendants.

Case No. 1:07-CV-081

Magistrate Judge Ellen S. Carmody

_____/

| WARNER LAW FIRM, LLC | CLARK HILL PLC |
|---|---|
| By: Curtis C. Warner (P59915) | By: Elizabeth C. Jolliffe (P42712) |
| Millennium Park Plaza | 500 Woodward, Suite 3500 |
| 151 N. Michigan Ave. 37th Floor - 3714 | Detroit, Michigan 48266 |
| Chicago, Illinois 60601 | (313) 965-8300 (TEL) |
| (312) 238-9820 (TEL) | (313) 965-8252 (FAX) |
| (312) 638-9139 (FAX) | *Counsel for Defendants* |
| *Counsel for Plaintiff* | |

**CERTIFICATE OF SERVICE**

    I, Curtis C. Warner, hereby certify that on May 2, 2007, **PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND MEMORANDUM IS SUPPORT THEREOF** with attached exhibits were filed electronically using the Court's CM/ECF system, which automatically send notice to those parties who have appeared and are so registered:

    Elizabeth C. Jolliffe    ejolliffe@clarkhill.com
    CLARK HILL PLC
    500 Woodward Ave., Ste. 3500
    Detroit, Michigan 48226-3435

    Respectfully submitted,

    s/ Curtis C. Warner
    Curtis C. Warner

WARNER LAW FIRM, LLC
By: Curtis C. Warner (P59915)
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor - 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com
*Counsel for Plaintiff*