# EXHIBIT 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK W. GLOVER,

      Plaintiff,

vs.

CLIENT SERVICES, INC., and JOHN DOE
a/k/a "MR. WEST" a/k/a "DAVID WEST,"

      Defendants.

Case No. 1:07cv081
Magistrate Judge Ellen Carmody

| WARNER LAW FIRM, LLC | CLARK HILL PLC |
|---|---|
| Curtis C. Warner (P59915) | Elizabeth C. Jolliffe (P42712) |
| 200 N. Dearborn Street, Suite 4406 | 500 Woodward Avenue, Suite 3500 |
| Chicago, Illinois 60601 | Detroit, Michigan 48226 |
| (312) 238-9820 (phone) | (313) 965-8300 (phone) |
| (312) 638-9139 (fax) | (313) 965-8252 (fax) |
| Attorneys for Plaintiff | Attorneys for Defendants |

## DEFENDANTS' RESPONSES TO
## PLAINTIFF'S REQUEST FOR DOCUMENT PRODUCTION

Defendants Client Services, Inc. and Kenneth Hart ("Defendants"), by their attorneys, Clark Hill, PLC, responds to Plaintiff's Request for Document Production as follows:

1. All documents relating to Plaintiff, or which are index, filed or retrievable under Plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

      **RESPONSE:** See account notes, correspondence from CSI, and correspondence from Whitehead attached.

5416368.1 28246/114506

2. All documents, relating to WEST, including but not limited to FDCPA training and testing, application for employment, performance evaluations, discipline records, recorded telephone calls, or which are index, filed or retrievable under WEST's name or any number, symbol, designation or code (such as an employee number or Social Security number) assigned to WEST. Excluded from this request are any and all time and payroll documents. Also excluded from this request are any form letters sent with WEST's name on them.

**RESPONSE:** Defendants object to this request as seeking documents which contain confidential, proprietary information and/or trade secrets, and as seeking information the disclosure of which would invade the privacy of CSI's employees. Defendants further object to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

3. All documents relating to, received from, or sent to Jeff Whitehead.

**RESPONSE:** See attached correspondence from Whitehead.

4. All documents transmitted to Plaintiff by Defendants with respect to the alleged debt of Plaintiff.

**RESPONSE:** See attached "dummy" copy of the correspondence sent to Glover. Copies of actual correspondence are not maintained, but the "dummy" contains the text of that sent to Glover. The differences will be the address, date and by-line and account information.

5. All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to the Fair Debt Collection Practices Act.

**RESPONSE:** Defendants object to this request as seeking documents which contain confidential, proprietary information and/or trade secrets. Defendants further object to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

6. All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to attempting to collect on a debt that references Michigan law.

**RESPONSE:** Defendants object to this request as seeking documents which contain confidential, proprietary information and/or trade secrets. Defendants further object to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

7. All manuals, memoranda, instructions, and other documents setting for CSI's policies, procedures, or practices regarding its collection of debts.

**RESPONSE:** Defendants object to this request as seeking documents which contain confidential, proprietary information and/or trade secrets. Defendants further object to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

8. All documents, irrespective of date, relating to any judicial, state or federal or administrative, or arbitration proceeding in which CSI or WEST was accused of violating the FDCPA for either one or more of the following:

    a.    Contacting a debtor after receiving a cease and desist letter;

    b.    Contacting a debtor after knowing that the debtor was represented by counsel;

    c.    Harassing phone calls;

    d.    False, deceptive or misleading statements; or

    e.    Contacting a third party after the debtor's locator information was known.

**RESPONSE:** Defendants object to this request as irrelevant, vague and ambiguous, overbroad and unduly burdensome as not limited in time or scope, and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object this request as potentially seeking information with respect to customers of CSI who are not parties to this litigation. Defendants further object to this request as seeking information which is as easily or more easily obtained by Plaintiff, as all lawsuits are a matter of public record.

9.    All documents, irrespective of date, relating to any complaint, criticism or inquiry by any person involving at least one of the Defendants for either one or more of the following:

    a.    Contacting a debtor after receiving a case and desist letter;

    b.    Contacting a debtor after knowing that the debtor was represented by counsel;

    c.    Harassing phone calls;

    d.    False, deceptive or misleading statements; or

    e.    Contacting a third party after the debtor's locator information was known.

**RESPONSE:** Defendants object to this request as irrelevant, vague and ambiguous, overbroad and unduly burdensome as not limited in time or scope, and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object this request as potentially seeking information with respect to customers of CSI who are not

4

parties to this litigation. Subject to and without waiving these objections, CSI states that it did not contact Plaintiff after receiving a cease and desist letter, or after knowing that Plaintiff was represented by counsel, nor did it make any harassing phone calls or any false, deceptive or misleading statements to Plaintiff, nor did it improperly contact a third party.

10. All documents, irrespective of date, which constitute or reflect any communications between either CSI or WEST and the Better Business Bureau, FTC, or States Attorney General's office involving one or more of the following:

        a. Contacting a debtor after receiving a cease and desist letter;

        b. Contacting a debtor after knowing that the debtor was represented by counsel;

        c. Harassing phone calls;

        d. False, deceptive or misleading statements; or

        e. Contacting a third party after the debtor's locator information was known.

**RESPONSE:** Defendants object to this request as irrelevant, vague and ambiguous, overbroad and unduly burdensome as not limited in time and scope, and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as potentially seeking information with respect to customers of CSI who are not parties to this litigation. Subject to and without waiving these objections, CSI states that it did not contact Plaintiff after receiving a cease and desist letter, or after knowing that Plaintiff was represented by counsel, nor did it make any harassing phone calls or any false, deceptive or misleading statements to Plaintiff, nor did it improperly contact a third party.

11. All documents, irrespective of date, that discuss Defendants' compliance or lack of compliance with the Fair Debt Collection Practices Act.

5

5416368.1 28246/114506

**RESPONSE:** Defendants object to this request as irrelevant, vague and ambiguous, overbroad and unduly burdensome as not limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected by the attorney client privilege and/or work product doctrine. Defendants further object to this request as potentially seeking information with respect to customers of CSI who are not parties to this litigation.

12. All documents that discuss any procedure, practice, or policy related to handling of incoming mail from a debtor or an attorney representing a debtor.

**RESPONSE:** None.

13. All agreements authorizing you to conduct collection activities with respect to plaintiff.

**RESPONSE:** Defendants object to this request as calling for information regarding the confidential business agreement between CSI and Citibank.

14. All documents that setting forth and policy of CSI that provides for incoming or outgoing telephone calls to be recorded and the disposal or destruction of those telephone call recordings.

**RESPONSE:** Defendants object to this interrogatory as seeking confidential, proprietary information and/or trade secrets.

15. All documents and things identified, used or relied upon in preparation of any response to Plaintiff's Complaint.

**RESPONSE:** All known, non-privileged documents are attached.

6

16. All documents that relate to any hardware, software, or any other devise or means used by CSI to block its telephone number being transmitted to a debtor it calls.

**RESPONSE:** Defendants object to this request as over broad, seeking irrelevant documents and not being reasonably calculated to lead to the discovery of admissible evidence. Defendants have filed a response in opposition to Plaintiff's motion to amend the complaint to add class action counts based on an alleged use of a caller id blocker. Subject to and without waiving these objections, Defendants state that CSI does not intentionally use a caller id blocker, and further states that it has no responsive documents.

17. All documents that relate to any telephone service purchased or used by CSI related to blocking the identification of its outgoing telephone calls.

**RESPONSE:** Defendants object to this request as over broad, seeking irrelevant documents and not being reasonably calculated to lead to the discovery of admissible evidence. Defendants have filed a response in opposition to Plaintiff's motion to amend the complaint to add class action counts based on an alleged use of a caller id blocker. Subject to and without waiving these objections, Defendants state that CSI does not intentionally use a caller id blocker, and further states that it has no responsive documents.

18. Defendant CSI's telephone bills for its call centers located in St. Charles, Missouri for October, November and December 2006. Specifically excluded from this request are any part of the telephone bills that discloses any telephone numbers called.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, as seeking documents which have no conceivable relevance or application in this case and as not reasonably calculated to lead to the discovery of admissible evidence.

5416368.1 28246/114506

19. Defendant CSI's financials for the past three years that states its net worth.

**RESPONSE:** Defendant CSI objects to this request as seeking information of a confidential and private nature. Defendant further objects to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

CLARK HILL PLC

Date: April 2, 2007

By: /s/ Elizabeth C. Jolliffe
Elizabeth C. Jolliffe (P42712)
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300
Attorneys For Defendants

---

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon counsel of record for all parties in the above cause at their respective addresses disclosed on the pleadings this 2nd day of April, 2007.

By:  ___ U.S. Mail
     ___ Hand Delivered
     ___ Facsimile
     _x_ E- Mail

Elizabeth C. Jolliffe

---

5416368.1 28246/114506