# EXHIBIT 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK W. GLOVER,

              Plaintiff,

vs.

CLIENT SERVICES, INC., and JOHN DOE
a/k/a "MR. WEST" a/k/a "DAVID WEST,"

              Defendants.

Case No. 1:07cv081
Magistrate Judge Ellen Carmody

---

| WARNER LAW FIRM, LLC | CLARK HILL PLC |
|---|---|
| Curtis C. Warner (P59915) | Elizabeth C. Jolliffe (P42712) |
| 200 N. Dearborn Street, Suite 4406 | 500 Woodward Avenue, Suite 3500 |
| Chicago, Illinois 60601 | Detroit, Michigan 48226 |
| (312) 238-9820 (phone) | (313) 965-8300 (phone) |
| (312) 638-9139 (fax) | (313) 965-8252 (fax) |
| Attorneys for Plaintiff | Attorneys for Defendants |

---

## DEFENDANTS' ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendants Client Services, Inc. and Kenneth Hart ("Defendants"), by their attorneys,

Clark Hill, PLC, answers Plaintiff's Interrogatories as follows:

1.      Identify each person who assisted in answering Plaintiff's Complaint, Document

Requests, Interrogatories, and Requests for Admission and identify each paragraph that person

assisted in responding to.

      **ANSWER:**    Defendants object to this interrogatory as overly broad and unduly

burdensome, and to the extent that it calls for information protected by the attorney-client

privilege and/or work product doctrine, and/or as seeking irrelevant information and not being

reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, see Verification to be provided.

2.     Identify all facts upon each (sic) of Defendants' affirmative defenses are based upon (sic).

**ANSWER:** Defendants object to this interrogatory to the extent it is overbroad, unduly burdensome, premature and inappropriate at this time. Without waiving these objections, at a minimum the facts and identification of persons with knowledge of information which supports or may support the affirmative defenses are contained in the documents to be produced pursuant to the document requests and in the recordings previously produced. Defendants will supplement the answer to this interrogatory if necessary and/or amend and/or withdraw one or more of their affirmative defenses, such as the bona fide error affirmative defense, if such is necessary later after further investigation or discovery. Answering further, Defendants state that, at a minimum, the affirmative defenses are self-explanatory and the documents and telephone recordings evidence no improper contact or inappropriate or illegal conduct or communications or violations of any federal or state laws, and evidence that Plaintiff's allegations are untrue.

3.     Explain the basis for your claim that any violation was unintentional and resulted from a *bona fide error* notwithstanding the maintenance of procedures reasonably adapted to avoid such error and state the date such a procedure was in place and how that procedure was given to WEST.

**ANSWER:** See response to interrogatory 2.

2

4.     Describe the step-by-step process used by CSI, relating to a letter or any other form of communication CSI received by US Mail received from a consumer or a consumer's attorney.

**ANSWER:**    Defendants object to this request as vague and ambiguous. Defendants further object to this request as calling for a narrative, seeking information that is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence and seeking information which may not be related to this Plaintiff.  Subject to and without waiving these objections, Defendants state that when mail is received from a consumer, it is sorted by the clerical department, the image is scanned to an electronic media database, and the account is documented as to the content/request of the letter.  The collector assigned to the account, and the collector's manager, is notified of the media.

5.     Identify all communications Defendant had with Plaintiff, stating the name of that person, the person's id or employee number or employee letter designation, and the date, time, method and a description of the communication.

**ANSWER:**    See account notes provided in response to the Request for Documents number 1.

6.     Identify all communications Defendant had with any person other than Plaintiff, regarding Plaintiff's alleged debt stating the name of that person, the person's id or employee number or employee letter, and the date, time, duration of time, method and a description of the communication.

**ANSWER:**    None—see account notes.

3

7. State whether information regarding your accounts is retrievable by computer and, and (sic) if so, each field by which data is searchable or retrievable, whether it records activity in real time, whether there is any method to override an entry of a date or time.

**ANSWER:** Defendant objects to this interrogatory as it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Defendants have provided a copy of the account notes for this Plaintiff, which contains all information regarding the account.

8. Identify all persons who handled any letter from Jeff Whitehead written in regard to Plaintiff and describe what each person did with those letters.

**ANSWER:** Defendants object to this interrogatory as over broad and unduly burdensome. Defendants further object to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants state that Algernone Burns scanned Jeff Whitehead's letters into CSI's media database and documented receipt of the letter on the Plaintiff's account.

9. State whether outgoing telephone calls are recorded, and if so, state how they are recorded, stored and the length of time they are stored before being deleted, destroyed or otherwise disposed of.

**ANSWER:** Since late January 2006, CSI has attempted to record most outbound and inbound telephone calls by means of a software product entitled Verint. No calls have been destroyed or otherwise disposed of since the inception of this product, and CSI has no policy for the maintenance or destruction of these recordings.

4

10.    State the telephone number, name, or other identifier for all telephone calls by Defendants made to Plaintiff's telephone number (616) 889-5644 that would have been shown on Caller ID or registered by any other electronic means.

**ANSWER:**    Defendant objects to this interrogatory as it seeks information known only to the Caller ID or other electronic means Plaintiff used to record the telephone numbers of incoming calls or known to the telephone service provider, and Defendant does not control how or whether a number appears. Subject to and without waiving this objection, Defendant states that to its knowledge, "Client Services, Inc." appears with either a local number or an 800 number, and Defendant does not intentionally use a caller id blocker.

11.    State the number of consumers with a telephone number with a Michigan area code, who were called by CSI attempting to collect a debt incurred for personal, family or household purposes, where CSI used a caller id blocker, during a period beginning on January 26, 2006 to January 26, 2007.

**ANSWER:**    Defendant objects to this interrogatory as overly broad and seeking irrelevant information, and not being reasonably calculated to lead to the discovery of admissible evidence.  Defendant has filed a response in opposition to Plaintiff's motion to amend the complaint to add class action counts based on alleged use of a caller id blocker.  Without waiving these objections, Defendants states none.

12.    Identify all hardware and software used by CSI to call consumers in Michigan by telephone.

**ANSWER:**    Defendant objects to this interrogatory as overly broad and seeking irrelevant information, and not being reasonably calculated to lead to the discovery of admissible

5

evidence. Defendant has filed a response in opposition to Plaintiff's motion to amend the complaint to add class action counts based on alleged use of a caller id blocker. Subject to and without waiving this objection, Defendant states that it does not utilize hardware and software specific to calls to consumers in Michigan, and answering further, Defendant states that it does not intentionally use a caller id blocker.

13. State Defendant CSI's net worth for the last 3 years.

**ANSWER:** Defendant objects to this interrogatory as it seeks information that has no relevance or application to the issues in this matter.

As to objections only, respectfully submitted,

CLARK HILL PLC

By:    /s/ Elizabeth C. Jolliffe
       Elizabeth C. Jolliffe (P42712)
       500 Woodward Avenue, Suite 3500
       Detroit, Michigan 48226-3435
       (313) 965-8300
Date: April 2, 2007          Attorneys For Defendants

---

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon counsel of record for all parties in the above cause at their respective addresses disclosed on the pleadings this 2nd day of April, 2007.

By:     ____ U.S. Mail
        ____ Hand Delivered
        ____ Facsimile
        _x__ E-Mail

Elizabeth C. Jolliffe

---

6

5416366.1 28246/114506