# EXHIBIT 5

**WARNER LAW FIRM, LLC**
200 N. Dearborn St. Suite 4406
Chicago, Illinois 60601
(312) 238-9820 (TEL) * (312) 638-9139 (FAX)
www.warnerlawllc.com

April 4, 2007

BY FAX & E-MAIL                                                        RULE 37 LETTER
Elizabeth C. Jolliffe
CLARK HILL PLC
500 Woodward, Suite 3500
Detroit, Michigan 48266
ejolliffe@clarkhill.com
(313) 965-8252 (FAX)

  Re: Glover v. Client Services, Inc. et al
     07-CV-81 (W.D. Mich.)

Dear Ms. Jolliffe:

  First, Plaintiff agreed to give Defendants an extension of time until April 2, 2007, to produce its discovery responses. However, Defendants have failed to produce their Rule 26(a)(1) disclosures. Please promptly provide them to me.

  Second, I have not received a the indicated confirming letter you would provide me regarding our March 28, 2007 Rule 37 telephone conference regarding whether Defendants disclosed all recordings in their possession related Plaintiff.

  Third, this letter is an attempt to resolve discovery issues regarding Defendants' deficient, evasive, and patently incomplete discovery responses on April 2, 2007, which were complete by their production of documents on April 4, 2007 at 6:31 p.m. ESDT. After reviewing this letter Plaintiff hopes that Defendants will promptly remedy this discovery dispute. Plaintiff's discovery dispute with Defendants is as follows:

REQUEST FOR ADMISSION NO. 2.

  WEST is a "debt collector" as defined under the FDCPA.

DEFENDANTS' RESPONSE: Defendants admit that David Hart was employed by CSI.

PLAINTIFF'S REPLY: The response to Request for Admission No. 2 does not comport with Rule 36 as it neither objects, admits, denies or states that Defendants cannot truthfully admit or deny the answer. Therefore, please properly respond to Request for Admission No. 2.

Ms.Jolliffe  Rule 37 Letter
4/4/07

REQUEST FOR ADMISSION NO. 3.

      CSI is a "collection agency" under the Michigan Occupational Code.

DEFENDANTS' RESPONSE: Defendants admit that CSI is a debt collector.

PLAINTIFF'S REPLY: The response to Request for Admission No. 3 does not comport with Rule 36 as it neither objects, admits, denies or states that Defendants cannot truthfully admit or deny the answer. Therefore, please properly respond to Request for Admission No. 3.

INTERROGATORY NO. 1:

      Identify each person who assisted in answering Plaintiff's Complaint, Document Requests, Interrogatories, and Requests for Admission and identify each paragraph that person assisted in responding to.

DEFENDANTS' ANSWER: Defendants object to this interrogatory as overly broad and unduly burdensome, and to the extent that it calls for information protected by the attorney-client privilege and/or work product doctrine, and/or as seeking irrelevant information and being reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, see Verification to be provided.

PLAINTIFF'S REPLY: Rule 11 requires a "reasonable inquiry" into each of Defendants' responses to a complaint. As such an attorney is not permitted to answer a complaint themselves without consultation of their client. Likewise, under Rule 33 an attorney alone cannot answer Interrogatories. The request here does not ask for any attorney-client privilege and/or work product doctrine as it does not seek the content of any "communication." The request asks for the identity of the person who assisted in responding and the corresponding paragraph that person responded to.
      The request of the identity of a person with knowledge of the stated answers to the allegations in the Complaint is relevant within the meaning of Rule 26. Relevant information need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to discovery of admissible evidence.
      Defendants response that "Verification to be provided" is an insufficient response.
      To the extent that Defendants wish to continue their objection under "attorney-client privilege and/or work product doctrine" per Plaintiff's instructions contained in the Document Requests:

If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type of document (e.g., letter, e-mail, video recording), date, and author of the privileged communication or information, all persons that prepared or sent it, and all persons that prepared or sent it, and all recipients or addresses; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis for the privilege claimed.

        Therefore either please produce the appropriate privilege log or withdraw this objection.

INTERROGATORY NO. 2:

        Identify all facts upon each of Defendants' affirmative defenses are based upon.

DEFENDANTS' ANSWER: Defendants object to this interrogatory to the extent it is overbroad, unduly burdensome, premature and inappropriate at this time. Without waiving these objections, at a minimum the facts and identification of persons with knowledge of information which supports or may support the affirmative defenses are contained in the documents to be produced pursuant to the document requests and in the recordings previously produced. Defendants will supplement the answer to this interrogatory if necessary and/or amend and/or withdraw one or more of their affirmative defenses, such as the bona fide error affirmative defense, if such is necessary later after further investigation or discovery. Answering further, Defendants state that, at a minimum, the affirmative defenses are self-explanatory and the documents and telephone recordings evidence no improper conduct or inappropriate or illegal conduct or communications or violations of any federal or state laws, and evidence that Plaintiff's allegations are untrue.

PLAINTIFF'S REPLY: Defendants' position that it will rely upon the facts associated with their actions and at the same time maintain their *bona fide* error defense is not possible. The Defendants must choose either to stand on their *bona fide* error defense or on the facts of the matter. Defendants cannot have it both ways.
        Likewise Defendant Client Services, Inc., cannot maintain its third affirmative defense "If the facts show that Defendants were not 'debt collectors' . . . under applicable law, then any cause of action claiming same is barred" and in their Responses to Plaintiff's Requests For Admission, "Defendants admit that CSI is a debt collector".
        Therefore, please withdraw the appropriate affirmative defenses or respond to Interrogatory No. 2.

INTERROGATORY NO. 3:

        Explain the basis for your claim that any violation was unintentional and resulted from a *bona fide error* notwithstanding the maintenance of procedures reasonably adapted to avoid such error and state the date such a procedure was in place and how that procedure was given to WEST.

DEFENDANTS' ANSWER: See response to interrogatory 2.

PLAINTIFF'S REPLY: See Plaintiff's Reply to Defendants' Answer to Interrogatory No. 2.

DOCUMENT PRODUCTION NO. 2:

All documents, relating to WEST, including but not limited to FDCPA training and testing, application for employment, performance evaluations, discipline records, recorded telephone calls, or which are index, filed or retrievable under WEST's name or any number, symbol, designation or code (such as an employee number or Social Security number) assigned to WEST. Excluded from this request are any and all time and payroll documents. Also Excluded from this request are any form letters sent with WEST's name on them

DEFENDANTS' RESPOSE: Defendant objects to this request as seeking documents which contain confidential, proprietary information and/or trade secrets, and is seeking information the disclosure of which would invade the privacy of CSI's employees. Defendants further object to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF'S REPLY: Per Plaintiff's instructions contained in the Document Requests:

If the responding party's counsel determines that a protective order is needed before answering any discovery request, the responding party's counsel is requested to immediately contact Plaintiff's counsel to effectuate an agreement as to submitting a proposed agreed protective order to the court.

It is improper for Defendants to now raise the objection that, "this request as seeking documents which contain confidential, proprietary information and/or trade secrets." Therefore, please promptly submit a proposed protective order for my review.

The documents sought are relevant as they specifically seek information related to the veracity defendant's *bona fide* error defense. If Defendants do not have any such responsive documents please state so. If such documents do exist, please immediately send me a proposed protective order for my review.

Defendants' objection under that the request "invade[s] the privacy of CSI's employees" is improper. Mr. West's personnel records, and records would show if Defendant West did or did not receive any training in the requirements of complying with the FDCPA is highly relevant. Also relevant are any performance evaluations, discipline records, complaints filed against him alleging any violation of the FDCPA, commission and/or bonuses for amounts of debt collected him and any other information related or bearing upon his employment as a debt collector with Defendant Client Service's Inc.

Plaintiff disagrees with Defendants' objection that these records sought are "proprietary information and/or trade secrets."

4

DOCUMENT PRODUCTION NO. 5:

All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to the Fair Debt Collection Practices Act.

DEFENDANTS' RESPOSE: Defendant objects to this request as seeking documents which contain confidential, proprietary information and/or trade secrets. Defendants further object to this request as irrelevant and not reasonable calculated to lead to the discovery of admissible evidence.

PLAINTIFF'S REPLY: Per Plaintiff's instructions contained in the Document Requests:

If the responding party's counsel determines that a protective order is needed before answering any discovery request, the responding party's counsel is requested to immediately contact Plaintiff's counsel to effectuate an agreement as to submitting a proposed agreed protective order to the court.

It is improper for Defendants to now raise the objection that, "this request as seeking documents which contain confidential, proprietary information and/or trade secrets." Therefore, please promptly submit a proposed protective order for my review and Defendants intend to continue withholding any document under

The documents sought are relevant as they specifically seek information related to the veracity defendant's *bona fide* error defense. If Defendants do not have any such responsive documents please state so. If such documents do exist, please promptly send me a proposed protective order for my review.

DOCUMENT PRODUCTION NO. 6:

All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to attempting to collect on a debt that references Michigan law

DEFENDANTS' RESPOSE: Defendant objects to this request as seeking documents which contain confidential, proprietary information and/or trade secrets. Defendants further object to this request as irrelevant and not reasonable calculated to lead to the discovery of admissible evidence.

PLAINTIFF'S REPLY: Per Plaintiff's instructions contained in the Document Requests:

If the responding party's counsel determines that a protective order is needed before answering any discovery request, the responding party's counsel is requested to immediately contact Plaintiff's counsel to effectuate an agreement as to submitting a proposed agreed protective order to the court.

5

| | |
|---|---|
| Ms.Jolliffe | Rule 37 Letter |
| 4/4/07 | |

       It is improper for Defendants to now raise the objection that, "this request as seeking documents which contain confidential, proprietary information and/or trade secrets." Therefore, please promptly submit a proposed protective order for my review and Defendants intend to continue withholding any document under

       The documents sought are relevant as they specifically seek information related to the veracity defendant's *bona fide* error defense. If Defendants do not have any such responsive documents please state so. If such documents do exist, please promptly send me a proposed protective order for my review.

DOCUMENT PRODUCTION NO. 7:

       All manuals, memoranda, instructions, and other documents setting for CSI's policies, procedures, or practices regarding its collection of debts.

DEFENDANTS' RESPOSE: Defendant objects to this request as seeking documents which contain confidential, proprietary information and/or trade secrets. Defendants further object to this request as irrelevant and not reasonable calculated to lead to the discovery of admissible evidence.

PLAINTIFF'S REPLY: Per Plaintiff's instructions contained in the Document Requests:

If the responding party's counsel determines that a protective order is needed before answering any discovery request, the responding party's counsel is requested to immediately contact Plaintiff's counsel to effectuate an agreement as to submitting a proposed agreed protective order to the court.

       It is improper for Defendants to now raise the objection that, "this request as seeking documents which contain confidential, proprietary information and/or trade secrets." Therefore, please promptly submit a proposed protective order for my review and Defendants intend to continue withholding any document under

       The documents sought are relevant as they specifically seek information related to the veracity defendant's *bona fide* error defense. If Defendants do not have any such responsive documents please state so. If such documents do exist, please promptly send me a proposed protective order for my review.

DOCUMENT PRODUCTION NO. 8:

       All documents, irrespective of date, relating to any judicial, state or federal or administrative, or arbitration proceeding in which CSI or WEST was accused of violating the FDCPA for either one or more of the following:
         a. contacting a debtor after receiving a cease and desist letter;
         b. contacting a debtor after knowing that the debtor was represented by counsel;

    c. harassing phone calls;
    d. false, deceptive or misleading statements; or
    e. contacting a third party after the debtor's locator information was known.

**DEFENDANTS' RESPONSE:** Defendants object to this request as irrelevant, vague and ambiguous, overbroad and unduly burdensome as not limited in time or scope, and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as potentially seeking information with respect to customers of CSI who are not parties to this litigation. Defendants further object to this request as seeking information which is as easily or more easily obtained by Plaintiff, as all lawsuits are a matter of public record.

<u>PLAINTIFF'S REPLY</u>: In an effort to limit the scope of this request Plaintiff requests shall cover responsive documents from April 5, 2004 to April 5, 2007. Plaintiff will further limit the request to only those documents relating to:
  All documents, irrespective of date, relating to any judicial, state or federal or administrative, or arbitration proceeding in which CSI or WEST was accused of violating the FDCPA for either one or more of the following:
  b. Contacting a debtor after knowing that the debtor was represented by counsel;
  c. Harassing phone calls; and
  d. False, deceptive or misleading statements.
  These requests are relevant as they test the veracity of Defendants' *bona fide* error defense. If Defendants were sued before and after the filing of this suit where the allegations were the same as alleged here, that would be clearly relevant and undermine Defendants' *bona fide* error defense.
  Since Defendants point out that the records requested are a "matter of public record" Defendants' objection that the requests potentially seeks "information with respect to customers of CSI who are not parties to this litigation is improper."
  Defendants' objection that "all lawsuits are a matter of public record" is not a proper objection as Rule 34 does not have a "public record" exclusion to the requirement of producing documents that are "in the possession or control" of the Defendants.

<u>DOCUMENT PRODUCTION NO. 9</u>:

  All documents relating to any complaint, criticism or inquiry by any person involving at least one of the Defendants for either one or more of the following:
    a. contacting a debtor after receiving a cease and desist letter;
    b. contacting a debtor after knowing that the debtor was represented by counsel;
    c. harassing phone calls;
    d. false, deceptive or misleading statements; or
    e. contacting a third party after the debtor's locator information was known.

**DEFENDANTS' RESPONSE:** Defendants object to this request as irrelevant, vague and ambiguous, overbroad and unduly burdensome as not limited in time or scope, and as not

reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as potentially seeking information with respect to customers of CSI who are not parties to this litigation. Subject to and without waving these objections, CSI states that it did not contact Plaintiff after receiving a cease and desist letter, or after knowing that Plaintiff was represented by counsel, nor did it make any harassing phone calls or any false, deceptive or misleading statements to Plaintiff, nor did it improperly contact a third party.

PLAINTIFF'S REPLY: In an effort to limit the scope of this request Plaintiff requests shall cover responsive documents from April 5, 2004 to April 5, 2007. Plaintiff will further limit the request to only those documents relating to:

All documents, irrespective of date, relating to any complaint, criticism or inquiry by any person involving at least one of the Defendants for either one or more of the following:
    b. Contacting a debtor after knowing that the debtor was represented by counsel;
    c. Harassing phone calls; and
    d. False, deceptive or misleading statements.

These requests are relevant as they test the veracity of Defendants' *bona fide* error defense. If Defendants were sued before and after the filing of this suit where the allegations were the same as alleged here, that would be clearly relevant and undermine Defendants' *bona fide* error defense.

Defendants' denial of factual allegations is an improper objection to their failure to produce relevant documents to the more limited scope of the production request Plaintiff has proposed above.

## DOCUMENT PRODUCTION NO. 10:

All documents which constitute or reflect any communications between either CSI or WEST and the Better Business Bureau, FTC, or States Attorney General's office involving one or more of the following:
    a. contacting a debtor after receiving a cease and desist letter;
    b. contacting a debtor after knowing that the debtor was represented by counsel;
    c. harassing phone calls;
    d. false, deceptive or misleading statements; or
    e. contacting a third party after the debtor's locator information was known.

DEFENDANTS' RESPONSE: Defendants object to this request as irrelevant, vague and ambiguous, overbroad and unduly burdensome as not limited in time or scope, and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as potentially seeking information with respect to customers of CSI who are not parties to this litigation. Subject to and without waving these objections, CSI states that it did not contact Plaintiff after receiving a cease and desist letter, or after knowing that Plaintiff was represented by counsel, nor did it make any harassing phone calls or any false, deceptive or misleading statements to Plaintiff, nor did it improperly contact a third party.

PLAINTIFF'S REPLY:    In an effort to limit the scope of this request Plaintiff requests shall cover responsive documents from April 5, 2004 to April 5, 2007. Plaintiff will further limit the request to only those documents relating to:

All documents which constitute or reflect any communications between either CSI or WEST and the Better Business Bureau, FTC, or States Attorney General's office involving one or more of the following:
- b. Contacting a debtor after knowing that the debtor was represented by counsel;
- c. Harassing phone calls; and
- d. False, deceptive or misleading statements.

These requests are relevant as they test the veracity of Defendants' *bona fide* error defense. If Defendants were sued before and after the filing of this suit where the allegations were the same as alleged here, that would be clearly relevant and undermine Defendants' *bona fide* error defense.

Defendants' denial of factual allegations is an improper objection to their failure to produce relevant documents to the more limited scope of the production request Plaintiff has proposed above.

DOCUMENT PRODUCTION NO. 11:

All documents, irrespective of date, that discuss Defendants' compliance or lack of compliance with the Fair Debt Collection Practices Act.

DEFENDANTS' RESPONSE:    Defendants object to this request as irrelevant, vague and ambiguous, overbroad and unduly burdensome as not limited in time or scope, and as not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected by the attorney client privilege and/or work product doctrine. Defendant further object to this request as potentially seeking information with respect to customers of CSI who are not parties to this litigation.

PLAINTIFF'S REPLY:    In an effort to limit the scope of this request Plaintiff requests shall cover responsive documents from April 5, 2004 to April 5, 2007.

Per Plaintiff's instructions contained in the Document Requests:

If the responding party's counsel determines that a protective order is needed before answering any discovery request, the responding party's counsel is requested to immediately contact Plaintiff's counsel to effectuate an agreement as to submitting a proposed agreed protective order to the court.

Per Plaintiff's instructions contained in the Document Requests:

If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type of document (e.g., letter, e-mail, video recording), date, and author of the privileged communication or information, all persons that prepared or sent it, and all persons that prepared or sent it, and all recipients or addresses; (b) identify each person to whom the contents of each such communication or item of

9

Ms.Jolliffe  Rule 37 Letter
4/4/07

information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis for the privilege claimed.

Defendants have raised both the "attorney client privilege and/or work doctrine" however have failed to comply with the instructions above. Please produce the appropriate privilege log or withdraw this objection.

      Please promptly address these discovery issues with your clients.

      Regards,

      *Curtis Warner*
      Curtis Warner