# EXHIBIT 7



# CLARK HILL
## PLC
### ATTORNEYS AT LAW

500 Woodward Avenue
Suite 3500
Detroit, Michigan 48226-3435
Tel. (313) 965-8300 ■ Fax (313) 965-8252
www.clarkhill.com

Elizabeth C. Jolliffe
Phone: (313) 965-8812
E-Mail: ejolliffe@clarkhill.com

April 20, 2007

*Via E-Mail*
Curtis Warner
Warner Law Firm, LLC
200 N. Dearborn St., Suite 4406
Chicago, Illinois 60601

  **Re: Glover v Client Services, Inc.**

Dear Mr. Warner:

  We have considered your April 4, 2007 letter and supplement Client Services, Inc.'s responses as follows:

## REQUEST FOR ADMISSION NO. 2.

  WEST is a "debt collector" as defined under the FDCPA.

  <u>DEFENDANT'S INITIAL RESPONSE:</u> Defendants admit that Ken Hart was employed by CSI.

  <u>DEFENDANT'S SUPPLEMENTAL RESPONSE:</u> Admitted as to Defendant Ken Hart, a/k/a David West.

## REQUEST FOR ADMISSION NO. 3.

  CSI is a "collection agency" under the Michigan Occupational Code.

  <u>DEFENDANT'S INITIAL RESPONSE:</u> Defendants admit that CSI is a debt collector.

  <u>DEFENDANT'S SUPPLEMENTAL RESPONSE:</u> Admitted.

## INTERROGATORY NO. 1:

  Identify each person who assisted in answering Plaintiff's Complaint, Document Requests, Interrogatories, and Requests for Admission and identify each paragraph that person assisted in responding to.

# CLARK HILL PLC

Curtis Warner
April 20, 2007
Page 2

DEFENDANT'S INITIAL RESPONSE:    Defendants object to this interrogatory as overly broad and unduly burdensome, and to the extent that it calls for information protected by the attorney-client privilege and/or work product doctrine, and/or as seeking irrelevant information and being reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, see Verification to be provided.

DEFENDANT'S SUPPLEMENTAL RESPONSE: Kerry Simpson, General Counsel & Director of Human Resources, Client Services, Inc., and Mary Springman, Legal Assistant, Client Services, Inc., provided the answers based on the recordings and documents produced, and knowledge of the company's business practices. Defendant Ken Hart has no memory of case specific facts.

## INTERROGATORY NO. 2:

Identify all facts upon each of Defendants' affirmative defenses are based upon.

DEFENDANT'S INITIAL RESPONSE:    Defendants object to this interrogatory to the extent it is overbroad, unduly burdensome, premature and inappropriate at this time. Without waiving these objections, at a minimum the facts and identification of persons with knowledge of information which supports or may support the affirmative defenses are contained in the documents to be produced pursuant to the document requests and in the recordings previously produced. Defendants will supplement the answer to this interrogatory if necessary and/or amend and/or withdraw one or more of their affirmative defenses, such as the bona fide error affirmative defense, if such is necessary later after further investigation or discovery. Answering further, Defendants state that, at a minimum, the affirmative defenses are self-explanatory and the documents and telephone recordings evidence no improper conduct or inappropriate or illegal conduct or communications or violations of any federal or state laws, and evidence that Plaintiff's allegations are untrue.

DEFENDANT'S SUPPLEMENTAL RESPONSE: Defendants withdraw affirmative defense number 3 regarding whether Defendants were debt collectors or a collection agency. In addition, Defendants do not assert the bona fide error defense with respect to the factual allegations in the Complaint. Defendants' Answer stands on the facts of the matter evidencing that they did not contact Plaintiff after receipt of Plaintiff's counsel's letters on November 2, 2006. Defendants specifically reserve the right to assert the bona fide error defense if Plaintiff asserts other factual allegations in the future. Moreover, subject to entry of an appropriate protective order as proposed by Defendants, Defendants will produce the company's training and testing materials in effect in 2006. Defendants will not produce Defendant Hart's personnel file based on his privacy rights, there are no allegations of negligent hiring or retention, or any sort of employment matter. In addition, the personnel file would not contain the training or testing materials for Mr. Hart.

5426757.1 28246/114506

CLARK HILL PLC

Curtis Warner
April 20, 2007
Page 3

## INTERROGATORY NO. 3:

Explain the basis for your claim that any violation was unintentional and resulted from a *bona fide error* notwithstanding the maintenance of procedures reasonably adapted to avoid such error and state the date such a procedure was in place and how that procedure was given to WEST.

DEFENDANT'S INITIAL RESPONSE:     See response to interrogatory 2.

DEFENDANT'S SUPPLEMENTAL RESPONSE: See supplemental response to interrogatory 2.

## DOCUMENT PRODUCTION NO. 2:

All documents, relating to WEST, including but not limited to FDCPA training and testing, application for employment, performance evaluations, discipline records, recorded telephone calls, or which are index, filed or retrievable under WEST's name or any number, symbol, designation or code (such as an employee number or Social Security number) assigned to WEST. Excluded from this request are any and all time and payroll documents. Also excluded from this request are any form letters sent with WEST's name on them.

DEFENDANT'S INITIAL RESPONSE:     Defendant objects to this request as seeking documents which contain confidential, proprietary information and/or trade secrets, and is seeking information the disclosure of which would invade the privacy of CSI's employees. Defendants further object to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT'S SUPPLEMENTAL RESPONSE: See supplemental response to interrogatory 2.

## DOCUMENT PRODUCTION NO. 5:

All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to the Fair Debt Collection Practices Act.

DEFENDANT'S INITIAL RESPONSE:     Defendant objects to this request as seeking documents which contain confidential, proprietary information and/or trade secrets. Defendants further object to this request as irrelevant and not reasonable calculated to lead to the discovery of admissible evidence.

DEFENDANT'S SUPPLEMENTAL RESPONSE: See supplemental response to interrogatory 2. The training materials are the responsive documents.

5426757.1 28246/114506

CLARK HILL ᴘʟᴄ

Curtis Warner
April 20, 2007
Page 4

## DOCUMENT PRODUCTION NO. 6:

All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to attempting to collect on a debt that references Michigan law.

DEFENDANT'S INITIAL RESPONSE:    Defendant objects to this request as seeking documents which contain confidential, proprietary information and/or trade secrets. Defendants further object to this request as irrelevant and not reasonable calculated to lead to the discovery of admissible evidence.

DEFENDANT'S SUPPLEMENTAL RESPONSE: See    supplemental    response    to interrogatory 2. The training materials are the responsive documents, if any.

## DOCUMENT PRODUCTION NO. 7:

All manuals, memoranda, instructions, and other documents setting for CSI's policies, procedures, or practices regarding its collection of debts.

DEFENDANT'S INITIAL RESPONSE:    Defendant objects to this request as seeking documents which contain confidential, proprietary information and/or trade secrets. Defendants further object to this request as irrelevant and not reasonable calculated to lead to the discovery of admissible evidence.

DEFENDANT'S SUPPLEMENTAL RESPONSE: See    supplemental    response    to interrogatory 2.

## DOCUMENT PRODUCTION NO. 8:

All documents, irrespective of date, relating to any judicial, state or federal or administrative, or arbitration proceeding in which CSI or WEST was accused of violating the FDCPA for either one or more of the following:

a.    contacting a debtor after receiving a cease and desist letter;

b.    contacting a debtor after knowing that the debtor was represented by counsel;

c.    harassing phone calls;

d.    false, deceptive or misleading statements; or

e.    contacting a third party after the debtor's locator information was known.

DEFENDANT'S INITIAL RESPONSE:    Defendants object to this request as irrelevant, vague and ambiguous, overbroad and unduly burdensome as not limited in

5426757.1 28246/114506

# CLARK HILL *PLC*

Curtis Warner
April 20, 2007
Page 5

time or scope, and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as potentially seeking information with respect to customers of CSI who are not parties to this litigation. Defendants further object to this request as seeking information which is as easily or more easily obtained by Plaintiff, as all lawsuits are a matter of public record.

DEFENDANT'S SUPPLEMENTAL RESPONSE: Defendants object to the revised request in which Plaintiff is still seeking documents relating to judicial, administrative or arbitration proceedings in which Defendants were ACCUSED of violating the FDCPA. Plaintiff claims that whether Defendant had been sued based on similar allegations before or after the filing of this lawsuit, is relevant to Defendants' assertion of the bona fide error defense. First, with respect to Defendants' clarification of its assertion of the bona fide error defense, see supplemental response to interrogatory 2. Second, whether or not other parties have made similar allegations or accusations against Defendants is irrelevant, inadmissible evidence, and is not reasonably calculated to lead to the discovery of admissible evidence. However, answering further, and without waiving its objections, there are no such judgments or verdicts against Defendants.

## DOCUMENT PRODUCTION NO. 9:

All documents relating to any complaint, criticism or inquiry by any person involving at least one of the Defendants for either one or more of the following:

a.      contacting a debtor after receiving a cease and desist letter;

b.      contacting a debtor after knowing that the debtor was represented by counsel;

c.      harassing phone calls;

d.      false, deceptive or misleading statements; or

e.      contacting a third party after the debtor's locator information was known.

DEFENDANT'S INITIAL RESPONSE:      Defendants object to this request as irrelevant, vague and ambiguous, overbroad and unduly burdensome as not limited in time or scope, and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as potentially seeking information with respect to customers of CSI who are not parties to this litigation. Subject to and without waving these objections, CSI states that it did not contact Plaintiff after receiving a cease and desist letter, or after knowing that Plaintiff was represented by counsel, nor did it make any harassing phone calls or any false, deceptive or misleading statements to Plaintiff, nor did it improperly contact a third party.

5426757.1 28246/114506

# CLARK HILL PLC

Curtis Warner
April 20, 2007
Page 6

DEFENDANT'S SUPPLEMENTAL RESPONSE: Defendants object to the revised request in which Plaintiff is still seeking documents relating to complaints, criticisms or inquiries by any person relating to various alleged violations of the FDCPA. Plaintiff claims that whether such complaints, etc. had been lodged against Defendant before or after the filing of this lawsuit, is relevant to Defendants' assertion of the bona fide error defense. First, with respect to Defendants' clarification of its assertion of the bona fide error defense, see supplemental response to interrogatory 2. Second, whether or not other parties have made similar allegations or accusations against Defendants is irrelevant, inadmissible evidence and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, it would violate the FDCPA to reveal that information from debtors. However, answering further, and without waiving the objections, to its knowledge no judgments or verdicts or consent decrees, or any such result has ever been entered or applied to Defendants.

## DOCUMENT PRODUCTION NO. 10:

All documents which constitute or reflect any communications between either CSI or WEST and the Better Business Bureau, FTC, or States Attorney General's office involving one or more of the following:

a. contacting a debtor after receiving a cease and desist letter;

b. contacting a debtor after knowing that the debtor was represented by counsel;

c. harassing phone calls;

d. false, deceptive or misleading statements; or

e. contacting a third party after the debtor's locator information was known.

DEFENDANT'S INITIAL RESPONSE: Defendants object to this request as irrelevant, vague and ambiguous, overbroad and unduly burdensome as not limited in time or scope, and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as potentially seeking information with respect to customers of CSI who are not parties to this litigation. Subject to and without waving these objections, CSI states that it did not contact Plaintiff after receiving a cease and desist letter, or after knowing that Plaintiff was represented by counsel, nor did it make any harassing phone calls or any false, deceptive or misleading statements to Plaintiff, nor did it improperly contact a third party.

DEFENDANT'S SUPPLEMENTAL RESPONSE: Defendants object to the revised request in which Plaintiff is still seeking documents relating to communications between Defendants and the BBB, FTC or States Attorney General offices relating to various alleged violations of the FDCPA. Plaintiff claims that such communications are relevant

CLARK HILL ₚₗᴄ

Curtis Warner
April 20, 2007
Page 7

to Defendants' assertion of the bona fide error defense. First, with respect to Defendants' clarification of its assertion of the bona fide error defense, see supplemental response to interrogatory 2. Second, whether or not such agencies/entities have had such communications with Defendants is irrelevant, inadmissible evidence, and is not reasonably calculated to lead to the discovery of admissible evidence. However, answering further, and without waiving its objections, Defendant states that it has at times received inquiries from agencies or entities, and that after Defendant has responded to the inquiries, no action has been taken. Defendant is not aware of any investigation by any such agency/entity, nor entry of or agreement to any consent decree or the like involving any such issues.

## DOCUMENT PRODUCTION NO. 11:

All documents, irrespective of date, that discuss Defendants' compliance or lack of compliance with the Fair Debt Collection Practices Act.

DEFENDANT'S INITIAL RESPONSE: Defendants object to this request as irrelevant, vague and ambiguous, overbroad and unduly burdensome as not limited in time or scope, and as not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected by the attorney client privilege and/or work product doctrine. Defendant further object to this request as potentially seeking information with respect to customers of CSI who are not parties to this litigation.

DEFENDANT'S SUPPLEMENTAL RESPONSE: Defendants continue their objections to this incredibly broad request that is designed as a catch-all following Plaintiff's preceding incredibly broad requests, and is not reasonably calculated to lead to the discovery of admissible evidence. See also Defendants' supplemental response to interrogatory 2.

Please contact me if you have any questions.

Sincerely,

Clark Hill PLC

Elizabeth C. Jolliffe

ECJ:kd
Attachments