# EXHIBIT 8

**WARNER LAW FIRM, LLC**
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor - 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL) * (312) 638-9139 (FAX)
www.warnerlawllc.com

April 23, 2007

BY E-MAIL ONLY                                             RULE 37 LETTER
Elizabeth C. Jolliffe
CLARK HILL PLC
500 Woodward, Suite 3500
Detroit, Michigan 48266
ejolliffe@clarkhill.com

      Re:    Glover v. Client Services, Inc. et al
             07-CV-81 (W.D. Mich.)

Dear Ms. Jolliffe:

      Thank you for taking the time today to discuss the outstanding discovery issues in this matter.

I.    DEFENDANTS' CONFIRMATION OF RECORDING OF MESSAGE TO EX-WIFE

      This letter will memorialize that you informed me that you now have in your possession a recorded message that was left on Plaintiff's ex-wife's answering machine.

PLAINTIFF'S MARCH 23, 2007 RULE 37 LETTER

      In Plaintiff's March 23, 2007 Rule 37 letter Defendants were requested, "if there are any additional phone calls not produced, please also provide those also."

PLAINTIFF'S RESPONSE REGARDING THE EX-WIFE'S RECORDING

      One month after Plaintiff's Rule 37 letter, Defendants are now acknowledging the existence of a document that were requested in discovery and then again requested in a Rule 37 Letter. Again, Plaintiff's Request for Document Production No. 1 requested:

> All documents relating to Plaintiff, or which are index, filed or retrievable under Plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

      In the collection notes that were provided there are additional entries that appear to be third-party contacts related to Plaintiff. Under Rule 26's broad scope of discovery and the fact that Plaintiff has plead that Defendants contacted a third party after

Elizabeth Jolliffe
April 23, 2007
Pg. 2

they had obtained Plaintiff's locator information, all of these recordings are relevant. Therefore all of these voice recordings of third party contacts must be disclosed.

II. **DEFENDANTS' OTHER UNPRODUCED TELEPHONE CALLS RELATED TO THE ATTEMPTED COLLECTION OF PLAINTIFF'S ACCOUNT**

The collection notes produced by Defendants, Bates No. CSI 0001- 0008, show that more phone calls were made than those audio recordings produced by Defendants, not limited to, but for example:

1. Bates No. CSI 0003
   (026)   10-11-06      HE TEL

2. Bates No. CSI 0003
   (036) & (041)
   Both of these calls occurred on 10-18-06, however only one of these calls has been produced.

3. Bates No. CSI 0003
   (064) – This phone call has not been produced
   (068) – This phone call has not been produced

4. Bates No. CSI 0006
   (006) –HYS: Called Plaintiff's former place of employment and obviously obtained some information from that former employer.
   (017) HYS: "TEL OTHER" / Left M[e]s[sa]g[e] on ans[wering] machine".

5. PLAINTIFF'S MARCH 23, 2007 RULE 37 LETTER
   In Plaintiff's March 23, 2007 Rule 37 letter Defendants were requested to provide the recorded phone call of the third party Mr. West stated that he contacted during his October 10, 2006 phone call to Plaintiff.

   DEFENDANTS' APRIL 6, 2007 RESPONSE:
Mr. West says he contacted the county. In the normal course of business, CSI's representatives attempt to determine the consumer's ability to pay by investigating their assets. The county office, where Mr. Glover resides, would have been able to verify whether Mr. Glover owned his property.

   PLAINTIFF'S REPLY: Defendants' response fails to produce the voice recording of the alleged phone call. Therefore, please produce the recording of the phone call.

6. Plaintiff believes that there was another phone call placed by Mr. Hart subsequent of Client Service, Inc.'s receipt of the letter from Mr. Whitehead. If a recording of that phone call exists, it must be produced. Also, as per instruction number 3 of the document request:

Elizabeth Jolliffe
April 23, 2007
Pg. 3

> If any document requested was, but no longer is in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost destroyed, transferred to a third party; and (c) an explanation of the circumstances surrounding the disposition of the document.

III. **DEFENDANTS' RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR DOCUMENT PRODUCTION**

A. PLAINTIFF'S DOCUMENT REQUEST NO. 2:
All documents that identify all telephone numbers used by Defendant Client Services. Inc., to contact all persons with a Michigan area code in an attempt to collect a debt from on or after January 26, 2006, to January 26, 2007.

DEFENDANT'S REPONSE:
CSI objects to this request as vague, ambiguous, over broad, seeking irrelevant information, not being reasonably calculated to lead to the discovery of admissible evidence, and as merely a fishing expedition. CSI also objects to this interrogatory [sic] as seeking confidential, proprietary information concerning CSI's business. CSI filed a response in opposition to Plaintiff's motion to amend the complaint to add class actions [sic] based on CSI's alleged use of caller id blocker and the hearing is set for May 25, 2007.

PLAINTIFF'S REPLY:
Plaintiff is a person with a Michigan area code. The request seeks information as to what number(s) where used by CSI to contact him. Plaintiff's allegation is that CSI/Mr. Hart contacted him after their receipt of Mr. Whitehead's letter. Plaintiff's phone call records that have been produced demonstrate that when Defendants contacted him without a telephone number showing. Plaintiff's records also show telephone calls subsequent to Mr. Whitehead's letter where his caller ID also failed to register a telephone number. In speaking with Nextel in response to our subpoena it is our belief that CSI/Mr. Hart contacted Plaintiff and blocked the number from registering. Therefore, these documents sought would more than likely provide the name(s) of CSI long distance carrier so that a subpoena of that carrier's records can be made to verify that CSI/Mr. Hart contacted Plaintiff after Mr. Whitehead's letter.

B. PLAINTIFF'S DOCUMENT REQUEST NO. 3:
All documents that identify any telephone service, computer software, computer hardware, auto dialer, telephone system, that is used by Defendant Client Services. Inc., in an attempt to collect a debt, that displays the outgoing telephone number from Defendant Client Services. Inc., to a person with a Michigan area code from on or after January 26, 2006, to January 26, 2007.

DEFENDANT'S REPONSE:
CSI objects to this request as vague, ambiguous, over broad, seeking irrelevant information, not being reasonably calculated to lead to the discovery of admissible

Elizabeth Jolliffe
April 23, 2007
Pg. 4

evidence, and as merely a fishing expedition. CSI also objects to this interrogatory [sic] as seeking confidential, proprietary information concerning CSI's business. CSI filed a response in opposition to Plaintiff's motion to amend the complaint to add class actions [sic] based on CSI's alleged use of caller id blocker and the hearing is set for May 25, 2007

PLAINTIFF'S REPLY:
This request seeks similar information as in Document Request No. 2 and goes towards obtaining evidence to support Plaintiff's claim that Defendants contacted him after their receipt of the cease and desist letter.

IV. DEFENDANTS' RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

PLAINTIFF'S INTERROGATORY NO. 2: Identify all telephone numbers used by Defendant Client Services, Inc. to contact all persons with Michigan area codes in an attempt to collect a debt from on or after January 26, 2006, to January 26, 2007.

DEFENDANT'S ANSWER: CSI objects to this interrogatory as over broad, unduly burdensome, seeking irrelevant information, not being reasonably calculated to lead to the discovery of admissible evidence, and as merely a fishing expedition. Answering further, CSI states that it filed a response in opposition to Plaintiff's motion to amend the complaint to add class actions [sic] based on CSI's alleged use of caller id blocker and the hearing is set for May 25, 2007. Subject to and without waiving these objections, CSI states that it uses a primary toll free number 800-521-3236, with roll over lines; and a local number of 636-947-2321, with roll over lines.

PLAINITFF'S RESPONSE: Interrogatory No. 2 asked for the telephone numbers associated with all telephone numbers used by CSI to contact people in Michigan. At this time, Plaintiff will narrow his request to all telephone numbers used by CSI to contact him.

V. DEFENDANTS' APRIL 20, 2007 RESPONSE TO PLAINTIFF'S APRIL 4, 2007 RULE 37 LETTER

A. Noticeably missing again from Defendants' response is any Rule 26(a)(1) disclosures. Defendants were explicitly notified:

> First, Plaintiff agreed to give Defendants an extension of time until April 2, 2007, to produce its discovery responses. However, Defendants have failed to produce their Rule 26(a)(1) disclosures. Please promptly provide them to me.

B. Defendants counsel has still not sent a confirming letter to the March 28, 2007, Rule 38 telephone conference. Defendants were explicitly informed:

Elizabeth Jolliffe
April 23, 2007
Pg. 5

>Second, I have not received a the indicated confirming letter you would provide me regarding our March 28, 2007 Rule 37 telephone conference regarding whether Defendants disclosed all recordings in their possession related Plaintiff.

C. Interrogatories Verification Page. While in Interrogatory No. 1 Defendants' originally answered, "Without waiving these objections, see Verification to be provided" Defendants have not provided verification of the interrogatories as required by Rule 33. As such, please promptly provide a verification page to the first set of interrogatories.

D. INTERROGATORY NO. 2 DEFENDANT'S SUPPLEMENTAL RESPONSE
1. DEFENDANTS' STATEMENT: "Moreover, subject to entry of an appropriate protective order as proposed by Defendants, Defendants will produce the company's training and testing materials effective in 2006."
PLAINTIFF'S REPLY: Defendants were explicitly instructed:

>If the responding party's counsel determines that a protective order is needed before answering any discovery request, the responding party's counsel is requested to immediately contact Plaintiff's counsel to effectuate an agreement as to submitting a proposed agreed protective order to the court.

As to date, no proposed protective order has been sent to Plaintiff's counsel for review. Also as we discussed today, whether such manuals are proprietary or trade secret are questionable. Furthermore, it is Plaintiff's position that any of the information that may be in the manual that was provided to CSI from Association of Credit and Collection Professionals' ("ACA International"), which provides information to numerous debt collectors, cannot be protected as it is neither proprietary nor a trade secret.

2, DEFENDANTS' STATEMENT: "Defendants will not produce Defendant Hart's personnel file based on privacy rights...."
PLAINTIFF'S REPLY: As we discussed today under the broad scope of Rule 26 this information is discoverable. Mr. Hart's credibility and his practices as a debt collector are directly at issue in this matter.

E. DOCUMENT PRODUCTIONS NO. 8, 9, AND 10

PLAINTIFF'S REPLY: Under the broad scope of Rule 26 these document production requests are relevant. As we discussed today, just because there are not any "judgments or verdicts against Defendants", Def. April 20, 2007 letter at 4-5, does not mean that Defendants have not engaged in these acts that violated the FDCPA. Information from these allegations may lead to admissible information relevant to this matter. Defendants admit that there are documents responsive to Document Request No. 10 and these documents must be produced.

Case 1:07-cv-00081-ESC Doc #19-9 Filed 05/02/07 Page 7 of 8 Page ID#165

Elizabeth Jolliffe
April 23, 2007
Pg. 6

VI.  PLAINTIFF'S FIRST DOCUMENT PRODUCTION REQUEST NO. 13.

PLAINTIFF'S REQUEST: All agreements authorizing you to conduct collection activities with respect to plaintiff.

DEFENDANTS' RESPONSE: Defendants object to this request as calling for information regarding the confidential business agreement between CSI and Citibank.

PLAINTIFF'S REPLY: Although we have not previously discussed Defendants' objection to No. 13 needs to be addressed. As I stated to you, I have had much difficulty in listening to the audio files as they are not Mac compatible. Because of the vendor CODEC they files do not seem to open in i-tunes or any other Mac based software. However listing to Mr. West October 10, 2006 conversation with Plaintiff, and the allegations in Plaintiff's complain the contract between CSI and Citibank on what exactly CSI was hired to do is relevant. Furthermore, other than the exact rate of commission the Citibank agreement would more than likely be a form contract, the same one used between Citibank and other debt collectors. Therefore, please produce this document. Plaintiff would agree to the production of a redacted version of the contract redacting specific commission information.

Plaintiff has been very patient to allow Defendants' counsel time to confer with her clients and respond. However, given that Plaintiff now has discovered that Defendants now have admittedly withheld material information, the recording of the phone call to Plaintiff's ex-wife, Defendants need to produce these requested materials, even if in an "attorney's eyes only" basis until a protective order is entered.

As you know we are on a short discovery schedule. On March 28, 2007, I sent you an e-mail regarding a potential deposition date as follows:

> June 18, 2007 – Deposition of Mr. Hart ("Mr. West"), Mr. Harrison Smith, and one, potentially two 30(b)(6) witnesses.

There has been no response. On April 20, I gave you more dates as follows:

> June 1, 4, 7, 8, 15, 18 – 22. I am looking at taking 3-4 deps: Mr. Hart, the other collector who called Mr. Glover and 30(b)(6) deponents with the most knowledge of CSI's bona fide error defense, collection operations, and the computer program that keeps the collection notes and voice recordings.

Elizabeth Jolliffe
April 23, 2007
Pg. 7

      Therefore, please promptly respond to the outstanding discovery requests outlined above and confirm a deposition date in which you and your clients will be available.

                    Sincerely,

                    Curtis C. Warner